WIGGINTON, Judge.
Appellants appeal a final summary judgment entered in favor of appellee. We reverse.
Appellant, Michael Huber, brought this personal injury action against appellee, seeking damages for severe bums he suffered while handling a chemical sold to him by appellee. He alleged, inter alia, that appellee failed to warn him adequately of the dangers of using the chemical. Appellant, Kathleen Huber, sought damages for loss of consortium.
Appellee moved for summary judgment on the ground that appellant Michael Huber admitted in his deposition that, although he was aware of the instruction he received to avoid skin contact with the chemical, he had allowed the chemical to contact his skin and thereby suffered the burns. Appellee relies upon Talquin Electric Cooperative v. Amchem Products, Inc., 427 So.2d 1032 (Fla. 1st DCA 1983), to support its position that the adequacy of the warning is immaterial in this case since appellant admittedly was in fact warned to avoid skin contact, failed to heed that warning, and thereby suffered injury.
A distinction exists, however, between the circumstances of the instant case and those in Talquin. Here, the record indicates that appellant could present evidence that challenges the sufficiency of the limited warning he received from appellee. According to his deposition testimony, he was not aware of the chemical’s potential for causing injury to his skin even in a diluted state, as in water splashed back from a wall on which the chemical had been sprayed, which was, in fact, the manner in which he was injured. Thus, unlike the situation in Talquin, in the instant case, questions of fact remain as to whether the “warning” given by appellee in this case was sufficient to constitute an adequate warning of the dangers inherent in the chemical and of the necessary safety precautions to be taken when using it.
According to Tampa Drug Company v. Wait, 103 So.2d 603 (Fla.1958):
Implicit in the duty to warn is the duty to warn with a degree of intensity that would cause a reasonable man to exercise for his own safety the caution commensurate with the potential danger.
As in Wait, in this case a conclusion on those questions is a matter for the trier of fact. Therefore, summary judgment was improper in this case.
REVERSED.
BOOTH and ZEHMER, JJ., concur.