ON MOTION FOR REHEARING
PER CURIAM.
We grant the motion for rehearing, withdraw our opinion dated August 15, 1989, and substitute the following opinion.
Appellants, plaintiffs below, appeal an adverse summary judgment and separate judgment for costs. We affirm.
This litigation arose out of an automobile accident on Kendall Drive in Dade County. Appellants were traveling eastbound when an oncoming driver lost control of his vehicle and struck a wooden utility pole, known as a guy pole or stub pole, causing it to fall. The guy pole supported an overhead guy wire, which crossed Kendall Drive and was fastened to a larger utility pole. The function of the non-electric guy wire was to provide support for the larger utility pole. When the oncoming vehicle collided with the guy pole there was a chain reaction, so that the guy pole fell, in turn causing the guy wire to fall across Kendall Drive just at the moment the appellants approached. Appellants’ vehicle struck the guy wire, as a result of which appellants were injured.
Appellants sued the oncoming driver who was the active cause of the accident. That litigation has concluded and is not involved in the present appeal. Appellants also brought a separate suit against appellees Florida Power & Light Company and Southern Bell Telephone Company, as owners of the utility poles. The present consolidated appeal arises from the trial court’s disposition of the latter case.
 In their complaint appellants contended that it was negligent for appellees to employ the guy pole and aerial guy wire across a public roadway in order to support the utility pole. Appellants urge that there was an alternative available method for *534 appellees to support their utility pole without placing a guy wire across a thoroughfare and that being so, appellees were obliged to employ the alternative. Appellants do not say there was anything wrong with the way the guy wire was installed or maintained, nor do they contend the appel-lees failed to obtain the required approval for installation. See generally §§ 125.42, 337.401, 362.01, Fla.Stat. (1987). Instead, say appellants, the guy wire should never have been there at all. Had there been no guy wire, appellants could not have collided with it.
We are unable to subscribe to appellants’ reasoning. The availability of an alternative does not, without more, establish that appellees’ conduct was negligent, for appel-lees are at liberty to choose between non-negligent courses of action. Cf. Leathem v. Moore, 265 So.2d 270, 276 (La.Ct.App.1972) (“even though a design may not be perfect or foolproof, it is still not defective provided reasonable care is taken in its adoption”).
On these facts there was no breach of duty owed by appellees to appellants. By contrast there was actionable negligence on the part of the oncoming driver, who was the proximate cause of appellants’ injury and against whom appellants proceeded in another lawsuit.
Affirmed.
BARDKULL and COPE, JJ., concur.