557 So.2d 77 (1990)
Billy C. SHAW, Appellant,
v.
STATE of Florida, Appellee.
No. 88-2121.
District Court of Appeal of Florida, First District.
January 18, 1990.
On Motion for Rehearing March 1, 1990.
Michael E. Allen, Barbara M. Linthicum, Public Defenders, and P. Douglas Brinkmeyer, *78 Deputy Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen. and Gypsy Bailey, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Billy C. Shaw appeals his conviction for second degree murder contending the trial judge erred in allowing a pathologist to testify as an expert that no struggle with the victim occurred, and in failing to grant a motion for mistrial based upon improper comments by the prosecutor. We affirm.
The trial judge did not abuse his discretion in denying the motion for mistrial.
The trial judge erred in permitting the pathologist to render an expert opinion that the deceased was not engaged in a struggle immediately prior to her death. However, this error could not have affected the outcome of this case and is, therefore, harmless.
THOMPSON, ZEHMER and BARFIELD, JJ., concur.

ON MOTION FOR REHEARING
PER CURIAM.
The appellant's motion for rehearing and clarification is denied.
THOMPSON and BARFIELD, JJ., concur.
ZEHMER, J., concurs with opinion.
ZEHMER, Judge (specially concurring).
Appellant contends in his motion for rehearing that since the state's brief failed to argue that the erroneous admission of the expert opinion was harmless error, this court cannot affirm the conviction because the state clearly failed to carry its burden of demonstrating beyond a reasonable doubt that the error was harmless, citing State v. Lee, 531 So.2d 133 (Fla. 1988), and Ciccarelli v. State, 531 So.2d 129 (Fla. 1988). Of course, there are some statements in both opinions that suggest this court should not affirm when the state fails to present any argument showing that the error is harmless, but I do not read those statements as broadly as appellant suggests. Thus, for example, in Ciccarelli the court stated that "if the state has not presented a prima facie case of harmlessness in its argument, the court need go no further." 531 So.2d at 131. (Emphasis added). I simply do not construe the emphasized language as meaning the court lacks the power to go further if it elects to do so. It is true that the state's brief made no harmless error argument, but the cited decisions do not require reversal every time no such argument is made and preclude this court from determining sua sponte whether the error is harmless. If we have erred in this respect, clear conflict will exist and the supreme court can clarify, or correct if necessary, our views concerning the sua sponte application of the harmless error rule. For these reasons I join in the denial of the motions for rehearing and clarification.