622 So.2d 1352 (1993)
Cheryl HAYES, Appellant,
v.
SPARTAN CHEMICAL Company, Inc., a Florida Corporation, Appellee.
No. 92-03173.
District Court of Appeal of Florida, Second District.
August 13, 1993.
*1353 Jeff Chambers of Chambers, Salzman & Bannon P.A., St. Petersburg, for appellant.
Richard E. Wolverton, St. Petersburg, for appellee.
ALTENBERND, Judge.
Cheryl Hayes appeals a summary final judgment in her action for negligent failure to warn of a product's danger. The product, a liquid cleaner to which Ms. Hayes had a strong reaction, is manufactured by Spartan Chemical Company. The trial court held the warnings Spartan provided concerning this cleaner were sufficient to render unforeseeable the use of the product by the Clearwater Police Department to remove fingerprint ink from Ms. Hayes' hands. We reverse.
In August 1990, Ms. Hayes went to the Clearwater Police Department to be finger-printed so that she could work in a day care center. After she had been finger-printed, the officer sprayed her hands with a cleaning fluid. She wiped the fluid off her hands with paper towels. The fluid was on her hands for only a short time. She believes she may have inhaled some vapor from the fluid because she was leaning over a wastepaper basket when the officer sprayed the fluid.
Shortly after she left the police department, Ms. Hayes began to feel sick. She developed a fever, chills, nausea, and a severe headache. Her chest hurt. After a few days, when the symptoms persisted, she consulted a doctor. She continues to have symptoms that she attributes to the cleaning fluid and continues to be treated by a physician.
An investigation established that the cleaning fluid was "Tough Duty," an all purpose, industrial strength cleaner and degreaser manufactured by Spartan. According to a deposition of a police officer, an independent wholesaler sold the product to the Clearwater Police Department after specifically recommending its use as a hand cleaner for fingerprint ink.
Ms. Hayes sued Spartan on a theory that it negligently failed to warn the Clearwater Police Department of the dangers associated with this product. These allegations are somewhat atypical because Ms. Hayes is *1354 not alleging that Spartan failed to warn her. Instead, she claims that Spartan's failure to warn a third party resulted in an improper use of the cleaner on her body. She maintains it was foreseeable that such a misuse of the product could take place in the absence of adequate warnings. Cf. Hayes v. Kay Chem. Co., 135 Ill. App.3d 932, 90 Ill.Dec. 632, 482 N.E.2d 611 (1985) (restaurant worker injured by chemicals left in cleaning rag by another worker).
Spartan filed a motion for summary judgment, arguing that the use of its product by the police department as a hand cleaner was an unforeseeable misuse of the product. It relied on a product information bulletin that was provided to the police department and the warning label on the bottle itself. It did not provide any evidence to establish that this was the first injury of this sort or that Ms. Hayes' reaction was the result of some extreme hypersensitivity. Indeed, one of the police officers indicated in her deposition that she believed the cleaner had given her hives. For purposes of summary judgment, it is assumed that the plaintiff's injuries were proximately caused by the isolated exposure to this product.
The warning label on the bottle describes Tough Duty as an "all purpose" cleaner. The label describes the container as a "Handi Spray" bottle, and explains that "a simple spray and wipe blasts away dirt, grease and grime!" A "Note" in standard print states: "Wear safety glasses and resistant gloves." A "CAUTION" in bolder print states:
EYE IRRITANT! Avoid prolonged skin contact. May be harmful if swallowed. Avoid prolonged breathing of mist. Use with adequate ventilation.
The information bulletin also explains that the product is "versatile" and "packaged for maximum user convenience." It contains warnings similar to the package, and states that it is authorized for use "by USDA (U.S. Department of Agriculture) and is Kosher and Pareve for Passover and the year round."
Neither Spartan's label nor its bulletin warns that one brief exposure to this product can cause severe nausea and prolonged headaches. Indeed, a warning concerning "prolonged" exposure might suggest that limited exposure or occasional use on the body is not particularly dangerous. The warnings on this spray container are similar to warnings found on mineral spirits and other solvents that people foreseeably use on an occasional basis to remove paint, grease, and other chemicals from their hands.
There are occasions when the adequacy of a warning is a question of law for the judge to decide. These occasions, however, are limited to circumstances in which the warning is "accurate, clear, and unambiguous." Felix v. Hoffman-LaRoche, Inc., 540 So.2d 102 (Fla. 1989); Adams v. G.D. Searle & Co., 576 So.2d 728 (Fla. 2d DCA 1991), review denied, 589 So.2d 290 (Fla. 1991). Although the supreme court receded from Tampa Drug Co. v. Wait, 103 So.2d 603 (Fla. 1958), in Felix, we do not read that decision to alter the general rule that the adequacy of a warning is frequently a jury question. Thus, cases prior to Felix which require jury resolution of a warning issue are not necessarily overruled by that case.
When a warning is designed to inform a "learned intermediary," it is somewhat easier to establish the adequacy of the warning because it will be read and considered by a trained expert. Felix; Upjohn Co. v. MacMurdo, 562 So.2d 680 (Fla. 1990). With all due respect to the abilities of the Clearwater Police Department, we are not inclined to accept Spartan's argument that the police are learned intermediaries in the use of cleaners and degreasers, or that Spartan designed its label for any class of learned intermediary. Cf. Todalen v. U.S. Chem. Co., 424 N.W.2d 73 (Minn. App. 1988) (plaintiff's employer was not learned intermediary concerning caustic drain cleaner).
In Advance Chemical Co. v. Harter, 478 So.2d 444 (Fla. 1st DCA 1985), review denied, 488 So.2d 829 (Fla. 1986), a school custodian was injured by a cleaning *1355 product containing ammonia. The jury awarded the plaintiff substantial damages because of inadequate warnings on the cleaning fluid. The evidence indicated that the plaintiff's injuries were caused by her hypersensitivity to ammonia. On appeal, the manufacturer argued that it was entitled to a directed verdict because it had fulfilled any duty to warn under such circumstances. The First District held that the plaintiff had presented adequate proof to make the issue of warning a jury question. We conclude that Harter has not been overruled by Felix. See also Huber v. Basic Chem. Servs., 521 So.2d 251 (Fla. 1st DCA 1988) (summary judgment reversed concerning adequacy of warnings to prevent burns on hands by chemicals); Slover v. Control Chem. Corp., 548 So.2d 303 (Fla. 5th DCA 1989) (summary judgment reversed concerning warnings on formaldehyde inhaled by person unloading damaged bottles from semitrailer); Mathis v. National Laboratories, 355 So.2d 117 (Fla. 3d DCA 1978) (summary judgment reversed concerning warnings on cleaning fluid which burned woman's hands).
To prevail on the theory enunciated in its motion for summary judgment, Spartan had the burden to prove that its warning was so clear and unambiguous that no reasonably foreseeable person would spray this chemical on a third person's hands on a single occasion. Spartan did not meet this burden. Holl v. Talcott, 191 So.2d 40 (Fla. 1966). Accordingly, we reverse the summary final judgment and remand for further proceedings.
Reversed and remanded.
FRANK, C.J., and CAMPBELL,[*] J., concur.
NOTES
[*] Judge CAMPBELL participated in the decision but did not participate in the oral argument.