681 So.2d 1173 (1996)
Mable RAGANS, Appellant,
v.
MIRIAM COLLINS-PALM BEACH LABORATORIES CO., d/b/a Palm Beach Beauty Products, a Foreign Corporation, Appellee.
No. 95-02920.
District Court of Appeal of Florida, Second District.
September 27, 1996.
Walter O. Hobbs, and Joseph F. Bohren, Tampa, for Appellant.
John W. Weihmuller and Jay I. Sinsley of Butler, Burnette & Pappas, Tampa, for Appellee.
PER CURIAM.
Mable Ragans, the plaintiff in a products liability case, appeals an adverse final summary judgment. We reverse because the adequacy of the product warning at issue in this case is an unresolved question of fact that precludes summary judgment.
Ragans, a professional hairstylist, was injured when she incorrectly mixed two of the ingredients in a hair permanent kit manufactured by Miriam Collins-Palm Beach Laboratories Co., d/b/a Palm Beach Beauty Products (the manufacturer). The permanent kit contained at least four ingredients: the "wave lotion," which came in a clear plastic bottle; the "neutralizer," which came in an opaque white plastic bottle; the "activator," which came in a tube; and the "pH normalizer," which also came in a tube. On the back of the activator tube was printed: "ADD TO CLEAR BOTTLE ONLY." The kit's instructions also stated that adding the activator "to other than wave lotion can cause serious injury." Although Ragans had read these warnings, she had taken them to mean an improper mixture could cause injury to the customer by damaging the customer's hair or scalp.
Ragans had used the kit on 30 to 50 previous occasions without mistake, accident or injury. On this occasion, however, she inadvertently poured a few drops of the activator into the neutralizer bottle. The resulting mixture reacted explosively and shot out of the neutralizer bottle with enough force to hit the ceiling and knock Ragans' glasses off her face. Ragans' face was sprayed by the mixture, as a result of which she suffered chemical burns that left her face marked with red spots which are a continuing source of pain. In addition, she is more sensitive to sunlight and more prone to sunburn and blistering than she was before the accident.
Ragans filed a complaint seeking damages for her injuries. She alleged, inter *1174 alia, that the manufacturer failed to adequately warn of the danger of mixing the activator with the neutralizer. The trial court entered a final summary judgment in favor of the manufacturer and, thus, determined as a matter of law that the warning was adequate. The adequacy of such a warning is ordinarily a question for determination by the jury. See Hayes v. Spartan Chemical Co., 622 So.2d 1352 (Fla. 2d DCA 1993); Adams v. G.D. Searle & Co., 576 So.2d 728 (Fla. 2d DCA 1991). However, the issue can be a question of law to be resolved by the judge if the warning is "accurate, clear and unambiguous." Felix v. Hoffmann-LaRoche, Inc., 540 So.2d 102, 105 (Fla.1989). In this case, we cannot agree that the warning was "accurate, clear and unambiguous." The warning on the activator tube was simply an instruction: "ADD TO CLEAR BOTTLE ONLY." While this instruction places one on notice that the activator should not be added to the neutralizer, it does not warn of the dangerous consequences of doing so. Neither does the more specific warning included in the instruction leaflet inside the box, which appears as a note in step number five:
5. Application of Wave Lotion
Open an activator tube and carefully add entire contents to wave lotion bottle. (NOTE: Adding to other than wave lotion can cause serious injury). Mix by shaking well.
We conclude that the adequacy of the warning was a question for the jury to decide and, therefore, the trial court erred in determining as a matter of law that the warning was adequate. Our reversal of the summary judgment on this ground renders moot the remaining issues raised on appeal.
The final summary judgment is reversed, and the case is remanded for further proceedings.
DANAHY, A.C.J., and CAMPBELL and FULMER, JJ., concur.