714 So.2d 657 (1998)
Constance Long CARRIER, et al., Appellant,
v.
Garland W. RAMSEY and Yvette L. Ramsey, etc., Appellee.
No. 97-2593.
District Court of Appeal of Florida, Fifth District.
July 31, 1998.
*658 Terence R. Perkins of Smith, Hood, Perkins, Loucks, Stout, Orfinger & Selis, Daytona Beach, for Appellants.
Don McKeever, Winter Park, for Appellees.
ANTOON, Judge.
While stopped at a red light, Garland Ramsey was hit from behind by a car driven by Heather Carrier. Heather was driving a car rented from Budget Rent-A-Car by her mother Constance Carrier. Ramsey and his wife sued the Carriers and Budget alleging that Ramsey was injured as a result of the accident. At the conclusion of a jury trial, judgment was entered in favor of the Ramseys. The Carriers and Budget (defendants) appeal the judgment arguing they are entitled to receive a new trial because the trial court erred by (1) denying their motions to challenge two prospective jurors for cause, and (2) prohibiting their expert witness from testifying. We affirm.
During voir dire, defendants moved to strike for cause two prospective jurors, Mr. Jordan and Ms. Baldwin, on the ground that they answered questions indicating that they would "relate more closely with the plaintiffs." The trial court denied the motion, explaining that after hearing the entire voir dire and observing the demeanor of the prospective jurors nothing indicated that either juror would not be fair. Our review of the record brings us to the same conclusion.
Florida Rule of Civil Procedure 1.431(c)(1) sets forth the basis for challenging a prospective juror for cause. The rule provides, in pertinent part, that counsel for the parties may question a prospective juror to determine if he or she "has any interest in the action or has formed or expressed any opinion or is sensible of any bias or prejudice concerning it...." The rule further provides that if the voir dire reveals that a prospective "juror does not stand indifferent to the action or any of the foregoing grounds of objection exists ... another shall be called in that juror's place." The decision of whether a prospective juror is competent to serve is within the trial court's discretion and will not be disturbed on appeal unless manifestly erroneous. See Club West, Inc. v. Tropigas of Florida, Inc., 514 So.2d 426, 427 (Fla. 3d DCA 1987), rev. denied, 523 So.2d 579 (Fla. 1988).
Here, defense counsel questioned Mr. Jordan as follows:
Q. Knowinghaving that experience, which is somewhat unshared by the other members of the panel, do you *659 believe that you would relate more closely to the plaintiffs in this case just starting out?
A: Yes.
Q: Do you think then you could hear the testimony and perhaps the testimony would sway you one way or the other.
A: Yes, absolutely.
When told that the Ramseys' case would be presented first and then asked whether he could keep an open mind, Mr. Jordan answered:
A: I consider each case to be unique and each circumstance unique and each situation to be unique. And you have to evaluate the information that you have and make your decision, based on the situation. And I don't think that you can generalize case to case. Similarities are just on the outside. I think that the detail is what's on the inside of the shell.
Thereafter, defense counsel asked Mr. Jordan if he could return a verdict in favor of a defendant in a personal injury case arising out of an automobile accident, and he responded, "Yes."
Thereafter, the following exchange occurred between defense counsel and Ms. Baldwin:
Q: And you'd be the same as Mr. Jordan in that you would relate more closely with the [plaintiffs] to start off, but you could be swayed by the defense?
A: Could be swayed ... I would keep an open mind.
Defense counsel then asked Ms. Baldwin whether it would be difficult for her to put aside "completely any of that sympathy or feeling for the injured person when you start." She responded, "I don't think it would be."
These jurors were not predisposed to favor the Ramseys but instead were inclined to follow the court's instructions on the law. Both jurors stated that there was "no doubt" that they would be fair to both sides. Accordingly, we affirm the trial court's ruling.
Defendants also claim that the trial court erred in not allowing their expert witness, Gary Phillips, to testify regarding his opinion that the accident between the parties did not generate sufficient force to cause any physical injury to Garland Ramsey. This claim is also meritless.
Before a witness may be permitted to submit expert opinion testimony, the trial court must be satisfied that the witness is adequately qualified to express an opinion on the subject about which he has been called to testify. See § 90.702, Fla. Stat. (1997). Also, if a party establishes that the purported expert witness "does not have a sufficient basis for the opinion, the opinions and inferences of the expert are inadmissible...." § 90.705(2), Fla. Stat. (1997). Whether a witness possesses adequate qualifications to submit expert opinion testimony is a question of fact to be decided by the trial court. See Van Sickle v. Allstate Ins. Co., 503 So.2d 1288, 1289 (Fla. 5th DCA 1987). Such a decision is peculiarly within the discretion of the trial court, and the trial court's ruling will not be reversed absent a clear showing of error. See Ramirez v. State, 542 So.2d 352, 355 (Fla.1989).
The voir dire of Phillips revealed that he had experience as an accident reconstructionist but that he held no academic degrees. When asked what data he relied upon to form an opinion in the instant case, Phillips stated that he had reviewed photographs of Garland Ramsey's automobile, certain depositions, and the Florida Driver's Report of Accident prepared by Garland Ramsey. On cross-examination, Phillips testified that he did not take the photographs of Ramsey's automobile and did not know the distance from which they were taken. He did not make a physical examination of either automobile involved in the accident and did not review a copy of the police report. Furthermore, he did not consider any roadside evidence and did not know the configuration of the road where the accident occurred or the weather conditions at the time. He also admitted that he did not possess any data with regard to the physical characteristics of Garland Ramsey who was sixty-eight years old at the time of the accident.
The instant record indicates the trial court properly considered all of the necessary factors *660 and determined that Phillips was not qualified to submit an expert opinion in this case. We will not gainsay its reasoned conclusion. See Ramirez, 542 So.2d at 355.
AFFIRMED.
GRIFFIN, C.J., and DAUKSCH, J., concur.