753 So.2d 109 (1998)
Juan BRITO, as Personal Representative of the Estate of Sandy Brito, Deceased, Appellant,
v.
COUNTY OF PALM BEACH, Florida, a Governmental Authority, Super Shops, Inc., a California corporation qualified to do business in Florida and doing business as Florida Super Shops, Inc., and American Eagle Wheel Corporation, a California corporation qualified to do business in Florida, Appellees.
No. 97-3698.
District Court of Appeal of Florida, Fourth District.
November 12, 1998.
*110 Jose G. Rodriguez, P.A., Keith A. Park, P.A., and Philip M. Burlington of Caruso, Burlington, Bohn & Compiani, P.A., West Palm Beach, for appellant.
Philip D. Parrish of Stephens, Lynn, Klein & McNicholas, P.A., Miami, for appellee American Eagle Wheel Corporation.
POLEN, J.
In this wrongful death/products liability action filed on behalf of his late son, Sandy Brito ("the decedent" or "Sandy"), Juan Brito ("Brito") appeals from a summary final judgment order in favor of American Eagle Wheel ("AEW"). The decedent was killed in a single vehicle accident when his 1989 Jeep Wrangler, equipped with oversized tires on AEW's wheels, lost control and hit a pole. Brito argues the court erred in granting summary judgment on his claim that AEW had a duty to warn, granting partial summary judgment on AEW's seatbelt defense, and in excluding Brito's expert, Boulter Kelsey. We affirm in part and reverse in part.
Brito purchased oversized wheels manufactured by AEW for the decedent's used jeep. He later had a retailer, Super *111 Shops, Inc. ("Super Shops"), install oversized tires on the wheels. On June 24, 1992, Sandy was fatally ejected from the jeep when, in an attempt to avoid colliding with a vehicle that had stopped in front of him, he swerved, causing the jeep to oversteer. At the time of this accident, Sandy was not wearing his seatbelt.
Brito, as Personal Representative of his son's estate, subsequently sued several defendants, including AEW. The complaint alleged that AEW was negligent in failing to warn the decedent that its wheels were not suitable to be used on the jeep and would be dangerous if placed on it. AEW, claiming the accident was caused by driver error, filed several affirmative defenses to the complaint.
Thereafter, AEW filed a motion for partial summary judgment based on the fact that the decedent was comparatively negligent for failing to use his seatbelt. The trial court granted the motion, finding that the decedent was negligent for failing to wear his seatbelt and that such negligence was a contributing legal cause of his injuries.
AEW also filed a motion for summary judgment in which it claimed the wheels did not create a dangerous condition and, alternatively, that it provided adequate warnings to its "learned intermediary,"[1] Super Shops. Prior to the hearing, Brito's attorney attempted to depose AEW's chief of design, Bob Arsob. The record reflects that AEW fought to avoid this deposition, but after several adverse court orders, agreed to it. Still, Brito's attorney was unable to depose Arsob before the summary judgment hearing, and moved for a continuance. The court denied the motion.
Also prior to the hearing, AEW moved to exclude the testimony of Brito's expert, Boulter Kelsey, an expert engineer. At his deposition, Kelsey opined that equipping the jeep, an understeer vehicle, with AEW's oversized wheels resulted in terminal oversteer characteristics, and that the danger of oversteering due to the wheels was not readily apparent. He admitted, however, that he was unaware of particular studies supporting his opinion.
AEW moved to exclude Kelsey as an expert. Citing Frye v. United States, 293 F. 1013 (D.C.Cir.1923), it argued Kelsey's opinion was not generally acceptable in the relevant scientific community. The court granted the motion and excluded Kelsey as an expert witness.
Eleven days prior to the hearing, AEW filed a "Supplement to Motion for Summary Judgment," in which it argued that, due to Kelsey's exclusion, the only issue that remained concerned whether the danger created by the wheels was open and obvious, thereby precluding any duty to warn. In further support of its motion, AEW filed the deposition of two experts who opined driver error caused the accident, as well as record warnings that it had provided to Super Shops. The warnings stated,
Installation must be done by [a] qualified person only.
* * * *
Use tire manufacturers' rim width recommendations for wheel and tire selection, then check the load rating of the tire and compare that of the wheel.
* * * *
Check for proper clearance and rotation of all tires/wheels before actually driving the vehicle. Check for tire/wheel interference by turning front wheels from side to side, and visually estimating possible *112 tire to fender well interference throughout the suspension stroke.
In opposition to the motion, Brito filed affidavits of two engineering experts, Ralph Aronberg and Mark Ezra. Aronberg testified that he had tested an exemplar Jeep Wrangler using the AEW oversized wheels that were on Brito's jeep on a skid pad designed for testing its steering characteristics. He concluded that the wheels affected the jeep's handling mechanisms such that the jeep oversteered, causing the rear-end of the jeep to lose adhesion and slide out. Ezra concurred in Aronberg's opinion and testified that, based on the literature he reviewed, equipping Brito's jeep with AEW's wheels caused it to oversteer.
The court granted summary judgment in favor of AEW. Specifically, it found that AEW satisfied its duty to warn by informing Super Shops, as the learned intermediary, of the need to ensure proper installation of its wheels, or, alternatively, that the condition created by the oversized wheels was open and obvious, which obviated the need to warn. From this judgment, and the partial summary judgment as to the seat belt defense, Brito appeals.

I. The Duty to Warn
A manufacturer has a strict duty to warn of its product's dangerous propensities only in those instances where the commodity is inherently dangerous. Dayton Tire & Rubber Co. v. Davis, 348 So.2d 575, 582 (Fla. 1st DCA 1977), rev'd on other grounds sub nom., Goodyear Tire & Rubber Co. v. Hughes, 358 So.2d 1339 (Fla. 1978) (not cited). Although tires and wheels are not inherently dangerous commodities, see id.,[2] Brito contends that AEW's wheels have dangerous propensities when placed on certain vehicles, including the subject jeep. Whether or not a manufacturer should have warned the consumer of a product's dangerous propensities is ordinarily a question for the jury based upon the manufacturer's foreseeability of injury to the consumer. Id. (citation omitted). The court concluded, however, that any duty AEW had to warn the decedent, regarding the dangers of placing its tires on his vehicle was satisfied when it provided the above "warnings" to Super Shops, whom the court analogized to a "learned intermediary."[3]
Based on the evidence presented at the summary judgment hearing below, we hold AEW failed to prove the absence of material issues as to whether Super Shops was a learned intermediary with respect to the risks associated with installing AEW's oversized wheels on a 1989 Jeep Wrangler. It offered no evidence that Super Shops had any knowledge of the engineering consequences, if any, of installing oversized wheels on the decedent's particular vehicle, nor that AEW even knew of a potential oversteer problem in the decedent's vehicle prior to the accident.
Even assuming that Super Shops was a learned intermediary, we disagree that, as a matter of law, the warnings provided to Super Shops by AEW were sufficient. The sufficiency and reasonableness of a manufacturer's warnings are fact questions appropriate for the jury to decide unless such warnings are "accurate, clear, and unambiguous." Felix v. Hoffmann-LaRoche, Inc., 540 So.2d 102, 104 (Fla.1989). AEW's warning that only qualified person should install its wheel is an instruction, not a warning. A warning should contain some wording directed to the significant dangers arising from failure to use the product in the prescribed manner, such as the risk of serious injury or death. Brown v. Glade and Grove Supply, Inc., 647 So.2d 1033, 1035 (Fla. 4th DCA 1994). Because the warning failed to apprise consumers of a possible risk of death caused by certain wheel and tires combinations, *113 a jury question remained as to whether these warnings were adequate.

Open and Obvious
Notwithstanding the adequacy of the warnings, the court alternatively concluded that the dangers associated with placing AEW's wheels on the subject jeep were open and obvious.[4] Generally, there is no duty to warn of an obvious danger. However, in his affidavit, Ezra essentially testified that the danger of oversteering resulting from installing AEW's wheels on the subject jeep was not obvious.[5] Even AEW's counsel at oral argument conceded that the dangers of which Brito complains were not obvious. As such, we conclude summary judgment was improper.

Proximate Cause
Nevertheless, AEW argues that the court still properly granted summary judgment because the insufficiency of the warnings, if any, did not proximately cause the death of the decedent. Ordinarily, the issue of proximate causation is one for the jury, unless the issue is so clear that reasonable people could not differ. Blaw-Knox Food & Chem. Equip. Corp. v. Holmes, 348 So.2d 604, 606 (Fla. 4th DCA 1977). Here, the evidence most favorable to Brito is susceptible of the inference that if the customary warning labels had been on this wheel the decedent would have been alerted to the fact that AEW's wheels were oversized and may have been improper and dangerous for mounting on his jeep. While the evidence may be strong that no warning would have stopped the decedent from placing the wheels on his jeep, issues of fact are raised by Aronberg and Ezra's affidavits that preclude summary judgment. Brito was entitled under the failure to warn theory to present the jury with that possibility. Accordingly, we reverse entry of summary judgment on these above issues.[6]

II. THE SEATBELT DEFENSE
Brito also challenges entry of partial summary judgment which found that the decedent was comparatively negligent for failing to wear his seatbelt at the time the collision occurred, and that such comparative negligence was a legal cause of his injury. Notwithstanding, section 316.614 Florida Statutes (1993),[7] the undisputed facts in this case demonstrate that Sandy's failure to wear a seatbelt, and his subsequent ejection from the jeep leading to his fatal injuries, constituted negligence as a matter of law. Accordingly, we affirm the summary judgment in this regard. As AEW properly concedes, the jury will still need to assess AEW's percentage of negligence, if any, before determining if, in fact, the decedent's comparative negligence limits Brito's recovery.

III. EXCLUDING BOULTER KELSEY
Finally, we affirm the court's excluding Kelsey's testimony under the Frye test or, alternatively, section 90.702, *114 Florida Statutes (1993). Kelsey's opinion was not based on any methodology, literature, or studies, and the only record evidence to support his opinion is his testimony itself. An expert cannot simply assume the facts which form the basis of his opinion. See generally Husky Indus., Inc. v. Black, 434 So.2d 988 (Fla. 4th DCA 1983).
AFFIRMED in part; REVERSED in part and REMANDED for further proceedings in accordance with this opinion.
GROSS and TAYLOR, JJ., concur.
NOTES
[1] A "learned intermediary" is one who has the knowledge of the danger and whose position, vis-a-vis the manufacturer and consumer, confers a duty to convey the requisite warnings to the consumer. Hayes v. Spartan Chem. Co., 622 So.2d 1352, 1354 (Fla. 2d DCA 1993). When a warning is designed to inform a learned intermediary, it is easier to establish the adequacy of the warning because it will be read and considered by a trained expert. Id.
[2] In fact, Brito's attorney conceded at the summary judgment hearing that the wheels were not inherently dangerous.
[3] See n. 1, supra.
[4] Despite Brito's contention that the "open and obvious" defense was not timely raised, we find that it was subsumed within the failure to warn issue, and/or that it was not a surprise to Brito.
[5] Ezra testified that the warnings given by AEW were insufficient to place a consumer or installer on notice that the use of its wheels was unreasonably dangerous on a 1989 Jeep Wrangler.
[6] Brito also argues that the court should not have granted summary judgment until he had the chance to depose Arsob. Although we believe the better practice would have been to either continue the hearing or delay entry of summary judgment until such discovery was concluded, our reversal on the duty to warn issue moots this argument.
[7] Section 316.614 states, in pertinent part,

A violation of the provisions of this section shall not constitute negligence per se, nor shall a violation be used as prima facie evidence of negligence or be considered in mitigation of damages, but such violation may be considered as evidence of comparative negligence, in any civil action.
Fla.Stat. § 316.614(10) (1993).