834 So.2d 386 (2003)
CARNIVAL CORPORATION and, Carnival Cruise Lines, Appellants,
v.
Susan STOWERS, Appellee.
No. 3D01-1516.
District Court of Appeal of Florida, Third District.
January 15, 2003.
Kaye, Rose & Maltzman, and Jeffrey B. Maltzman, Miami, and Darren W. Friedman, for Appellants.
Paul M. Hoffman, and Bunnell, Woulfe, Kirschbaum, Keller, McIntyre & Gregoire, and Nancy W. Gregoire, Fort Lauderdale, for appellee.
Before GERSTEN, GODERICH, and GREEN, JJ.
PER CURIAM.
Appellants, Carnival Corporation and Carnival Cruise Lines ("Carnival"), appeal *387 an adverse order in a maritime personal injury action brought by a passenger who slipped and fell while on a Carnival cruise ship. We reverse and grant Carnival a new trial because the trial court improperly permitted an expert witness to render an opinion based on unconfirmed data.
Appellee Susan Stowers ("Stowers") injured her leg and ankle when she slipped and fell on a granite step while on a Carnival cruise ship. Stowers sued Carnival for negligence. She alleged that she slipped on the step after stepping in soapy liquid on a section of carpet in one of the ship's lounges.
After Stowers allegedly stepped in this liquid, she walked the length of the dry carpeted room and outside to the kiddie pool area to see if the pool had water. She then went back inside the lounge and again walked the length of the carpeted room to the granite step where she slipped and fell. Stowers contended that soapy liquid remained on her shoe from the puddle she stepped in and caused her to slip.
At trial, Ron Zollo ("Zollo"), Stowers's engineering expert, gave his opinion as to what caused Stowers to slip. Zollo opined that Stowers's shoe retained the liquid throughout her walk over the dry carpet and transferred it to the steps. This made the steps very slippery, which caused Stowers to fall.
Carnival objected to Zollo being permitted to render his opinion about the carpet's ability to absorb and/or wick liquid. The trial court permitted Zollo's testimony in spite of the fact that Zollo admitted he did not know what material the carpet was made of and he did not perform any tests on the carpet. Further, Zollo testified that he had no specialized education or training concerning carpet.
To be admissible, an expert's opinion must be based on valid underlying data which has a proper factual basis. See Carrier v. Ramsey, 714 So.2d 657 (Fla. 5th DCA 1998); Brito v. County of Palm Beach, 753 So.2d 109 (Fla. 4th DCA 1998); Newell v. Best Security Systems, Inc., 560 So.2d 395 (Fla. 4th DCA 1990).
Here, Zollo admitted that he did not know the composition of the carpet, had not tested the water absorbing properties of the carpet and did not attempt to recreate the incident. Instead, Zollo based his opinion on the results of coefficient of friction tests he preformed solely on the granite stairs.
Zollo clearly did not establish the existence of valid underlying data upon which he based his opinion. Because this opinion lacked a proper factual basis, the trial court erred when it allowed Zollo to opine that Stowers's shoes retained liquid which caused her to slip after her walk across the approximately 120'-140' of dry carpet. See Carrier v. Ramsey, 714 So.2d 657 (Fla. 5th DCA 1998).
Reversed and remanded for a new trial.