SHEPHERD, J.
(dissenting).
I respectfully dissent. The majority concedes that it is within the discretion of the trial court to determine a witness’ qualifications to express an opinion as an expert, and that this court will not reverse absent a clear showing of error. In this case, the trial court after an evidentiary hearing determined in the exercise of its discretion to exclude Dr. Wilson’s testimony. I believe that not only was that decision well within the broad range of discretion invested in the lower courts to make such a decision, the court was correct in disqualifying Dr. Wilson as an expert witness in this case.
After withdrawing his initial selection for an expert witness, Orpe tendered Dr. Wilson to testify regarding Carnival’s negligence in not adequately equipping or maintaining the area where the incident occurred, including the employment of a dampening device on the door to slow the rate of speed with which the door closed. Dr. Wilson, however, had not seen, inspected or tested either the magnet, the bathroom, the bathroom door, or the applicable warnings. At trial, Carnival objected to Wilson on the basis of his qualifications. Outside of the jury’s presence, Wilson testified that he had only seen still photographs of the door frame, but did not physically inspect the door. Wilson further stated that he did not review any depositions or incident reports other than *933 his own and Orpe’s. Because of his unfamiliarity with the door system, he was unable to opine as to when the particular magnet was installed, how much strength a magnet loses per year, or how the magnet was produced or installed. The only qualification left intact was Wilson’s own educational background. The lower court determined this alone was insufficient to allow Dr. Wilson to testify as an expert witness.
Under the circumstances, the lower court not only did not abuse its discretion, but was correct for disqualifying Dr. Wilson as an expert witness. The court’s concern about allowing Wilson to testify as an expert rested on the fact that (1) his opinions would not be based on anything other than what he had been told by Orpe; (2) the fact that he was unaware of any studies conducted concerning the use of latches on cruise ships; and (3) that he had not tested the particular magnetic latch nor did he know of its force or life span, yet he was willing to opine that same was defective. Before an expert may offer an opinion, he is required to be qualified as an expert on the discrete subject on which he is expected to opine. United Technologies v. Indus. Risk Insurers, 501 So.2d 46 (Fla. 3d DCA 1987); Goodyear Tire & Rubber Co., Inc. v. Ross, 660 So.2d 1109, 1111 (Fla. 4th DCA 1995)(witness with general expertise on traffic devices unqualified to speak on speed bumps). In the instant case, Dr. Wilson exhibited an impressive pedigree and general expertise in the field of electricity and magnetism. However, he did not have any special knowledge on the subject of magnets or magnetic door latches on ships. See Sea Fresh Frozen Products, Inc. v. Abdin, 411 So.2d 218, 219 (Fla. 5th DCA 1982)(error to allow testimony of marine chemistry expert with doctorate in field on question of slipperiness of algae). All that Dr. Wilson’s proffer indicates is that he desired to discourse on the many alternatives that exist in the shipbuilding industry to improve or achieve better cabin safety. This type of testimony is inadmissible. Vidaurre v. Florida Power & Light Co., 556 So.2d 533, 534 (Fla. 3d DCA 1990)(“The availability of an alternative does not, without more, establish that appellee’s conduct was negligent....”). Wilson admitted that he had seen magnetic doors on marine vessels and that the use of one by Carnival constituted “nothing new.” Moreover, there was nothing scientifically significant requiring the assistance of expert testimony to speak on what rate of speed a door should close. Roseman v. Town Square Ass’n, 810 So.2d 516 (Fla. 4th DCA 2001) (whether defendant should have ensured that the door closed at slower speed are issues within the common knowledge and experience of a jury). It is the duty of the trial court to determine whether the proffered testimony is proper for jury consideration and whether a proposed expert witness is adequately qualified to express an opinion on the matter. Ramirez v. State, 651 So.2d 1164 (Fla.1995).[2] In my opinion, the trial court was correct in excluding Wilson’s testimony as an expert.
Finally, just because Wilson had previously inspected another door on the Holiday did not qualify him to be an expert in this case. The true issue to be tried in the case below is whether or not the magnetic latch in this particular cabin was defective. When asked about the surface area *934 of the particular magnet in relation to its metal receptacle, Wilson admitted that he “could only guesstimate from ... pictures.” Similarly, just because the court concluded that Carnival’s proffered expert witness Ronald Doss should be allowed to testify is not inconsistent with its decision not to allow Wilson. Doss, unlike Wilson, had conducted various tests on the magnetic door latch, and thus had the proper factual basis from which to testify.
It should not be too much to expect, in the usual personal injury case, that a liability expert will have examined the premises or product which is alleged to have caused the injury. Carnival Corp. v. Stowers, 834 So.2d 386, 387 (Fla. 3d DCA 2003)(expert’s opinion must be based upon valid underlying data which has proper factual basis). If the trial judge’s decision in this case was influenced by the fact that Wilson had not done so, then his instincts and judgment as the judicial officer on the scene should be honored by this court.

. Orpe did have hard evidence of negligence by Carnival in the person of his cabin-mate, who testified that the door had malfunctioned by coming loose without cause on two or three occasions before Orpe sustained his injury. The injury occurred on the first day of the cruise. Orpe apparently did not complain to Carnival about the problem. These facts may have resulted in the high percentage of negligence attributed to Orpe.