PER CURIAM.
After our affirmance of a summary judgment on liability in favor of the plaintiff law firm, City of Miami v. Bailey & Dawes, 423 So.2d 606 (Fla. 3d DCA 1982), a jury trial to assess the reasonable fee to which it was entitled ended with a verdict of $175,000. A careful review of the record in the light of the points raised on this appeal from the consequent judgment shows that the defendant city has failed to demonstrate that harmful error in fact occurred or that it preserved its present contentions to that effect below. Hercules, Inc. v. Coto, 434 So.2d 4 (Fla. 3d DCA 1983), rev. denied, 441 So.2d 632 (Fla.1983); Sears Roebuck & Co. v. Jackson, 433 So.2d 1319 (Fla. 3d DCA 1983); Stowe v. Walker Builders Supply, Inc., 431 So.2d 180 (Fla. 2d DCA 1983); Metropolitan Dade County v. Brill, 414 So.2d 626 (Fla. 3d DCA 1982); Page v. Cory Corp., 347 So.2d 817 (Fla. 3d DCA 1977).
We likewise find that the lower court’s order assessing prejudgment interest, entered pursuant to a stipulated reservation of jurisdiction for that purpose after the city had taken this appeal from the final judgment, was both procedurally and substantively correct. Bailey v. Bailey, 392 So.2d 49 (Fla. 3d DCA 1981); Huntley v. Baya, 136 So.2d 248 (Fla. 3d DCA 1962), cert. denied, 143 So.2d 492 (Fla.1962).
Affirmed.