596 So.2d 1042 (1992)
Kenneth R. McGURN, Petitioner,
v.
Stephen A. SCOTT, Respondent.
No. 77358.
Supreme Court of Florida.
April 2, 1992.
*1043 Dana G. Bradford, II and Lee S. Haramis of Baumer, Bradford, Walters & Liles, P.A., Jacksonville, for petitioner.
Jack M. Ross, P.A., Gainesville, for respondent.
McDONALD, Justice.
We review McGurn v. Scott, 573 So.2d 414 (Fla. 1st DCA 1991), because of express and direct conflict with City of Miami v. Bailey & Dawes, 453 So.2d 187 (Fla. 3d DCA 1984). We have jurisdiction pursuant to article V, section 3(b)(3) of the Florida Constitution. We approve in part and quash in part the opinion under review and remand to the district court for further proceedings.
Scott filed suit against McGurn, trustee of the Simonton Ranch Trust, seeking a three-percent share of the profits earned by the trust, interest, costs, and attorneys' fees. The parties at no time stipulated to the trial court's reserving jurisdiction to consider any issues, nor were the proceedings bifurcated. The circuit court held a nonjury trial on January 30 and 31, 1990. On August 27, 1990, the circuit court entered judgment for Scott, awarding him $92,341.99 in damages and reserving jurisdiction to award appropriate costs, prejudgment interest, and attorneys' fees, upon proper motion by the parties.
On November 14, 1990, McGurn filed a timely notice of appeal. On December 3, 1990, Scott filed a motion with the district court requesting that the trial court be permitted to consider his motion for an award of interest and that the district court relinquish jurisdiction to the circuit court. The district court dismissed the appeal sua sponte, stating that the order presented for review was not final and that it did not have jurisdiction to review the case. However, the district court noted conflict between its decision and City of Miami.
In City of Miami the trial court reserved jurisdiction to award prejudgment interest pursuant to a stipulation by the parties.[1] On appeal the district court first addressed the substantive matters at issue and then added that the trial court's assessment of prejudgment interest after appeal had been taken from the final judgment "was both procedurally and substantively correct." 453 So.2d at 187. Therefore, the issue before this Court is whether a trial court may issue a final appealable order while reserving jurisdiction to award prejudgment interest.[2]
It is well settled that a judgment attains the degree of finality necessary to support an appeal when it adjudicates the merits of the cause and disposes of the action between the parties, leaving no judicial labor to be done except the execution of the judgment. Gore v. Hansen, 59 So.2d 538 (Fla. 1952). Final judgments or orders "determine the rights and liabilities of all parties with reference to the matters in controversy and leave nothing of a judicial character to be done." Id. at 539. *1044 Further, the "piecemeal review of cases is not favored by an appellate court, and care should be exercised by trial judges to avoid, so far as possible, the necessity for successive appeals." Sax Enterprises v. David & Dash, 107 So.2d 612, 613 (Fla. 1958).
However, this Court has previously held that "costs may be adjudicated after final judgment, after the expiration of the appeal period, during the pendency of an appeal, and even after the appeal has been concluded." Roberts v. Askew, 260 So.2d 492, 494 (Fla. 1972). We have also held that proof of attorneys' fees may be presented for the first time after final judgment is issued. Cheek v. McGowan Elec. Supply Co., 511 So.2d 977 (Fla. 1987). In addition, the district courts have consistently held that a trial court's reservation of jurisdiction to award costs or attorneys' fees does not affect the finality of an underlying judgment for purposes of appeal. See Casavan v. Land O'Lakes Realty, Inc., 526 So.2d 215 (Fla. 5th DCA 1988); C.B.T. Realty Corp. v. St. Andrews Cove I Condominium Ass'n, Inc., 508 So.2d 409 (Fla. 2d DCA 1987); Dade County v. Davidson, 418 So.2d 1231 (Fla. 3rd DCA 1982); Ruby Mountain Constr. & Dev. Corp. v. Raymond, 409 So.2d 525 (Fla. 5th DCA 1982). The rationale behind these decisions is that an award of attorneys' fees or costs is ancillary to, and does not interfere with, the subject matter of the appeal and, thus, is incidental to the main adjudication. McGurn contends that the calculation of prejudgment interest is generally straight-forward and ministerial and that a reservation of jurisdiction to award prejudgment interest should be treated in a manner similar to the taxing of costs and attorneys' fees. We disagree.
This Court has previously held that prejudgment interest is awarded as just compensation to those who are damaged by having their property withheld from them or destroyed. Argonaut Ins. Co. v. May Plumbing Co., 474 So.2d 212 (Fla. 1985). Thus, "prejudgment interest is merely another element of pecuniary damages." Id. at 214. An element of damages is not ancillary to the subject matter of the cause regardless of how straight-forward and ministerial the calculation of those damages may be. Therefore, the determination of prejudgment interest is directly related to the cause at issue and is not incidental to the main adjudication.
By reserving jurisdiction to address the issue of prejudgment interest, the instant trial court failed to dispose of all material issues in controversy and, therefore, the order was not final. It is improper for a trial judge to render an order which in all respects appears to be an ordinary final money judgment, but which leaves the determination of prejudgment interest for future adjudication.
In cases in which a portion of the damages has been determined and the prevailing party wishes interest to accrue on that amount, but not all of the issues have been decided, a trial court may issue an interlocutory order specifying the amount of damages that are no longer in controversy and directing that further proceedings resolve the remaining issues. Only when the remaining issues are decided should a final order encompassing all of the damages, including those from the interlocutory order, be entered. Therefore, if it is desirable to determine prejudgment interest damages separate from the determination of other damages, the trial court may issue an interlocutory order setting forth the damages already determined. This would in effect liquidate those damages, if not already liquidated, and interest on those damages would start to accrue.
We agree with the district court in the instant case that the trial court's order was not final and that it was improper for the trial court to render an order in the form of a final judgment while simultaneously reserving the issue of prejudgment interest for further adjudication. We do not, however, agree that the appeal was premature and should have been dismissed. The judgment's appearance as a final order upon which execution could have issued placed McGurn in a procedural quandary. If the judgment were considered an interlocutory order, McGurn would be unable to *1045 exercise his right to both an appeal and a supersedeas to stay the enforcement of the judgment. Yet, the order granted Scott the right to let execution issue against McGurn's property.
Further, had McGurn not filed the appeal, he may have been precluded from doing so at a later date. In Del Castillo v. Ralor Pharmacy, Inc., 512 So.2d 315, 319 (Fla. 3d DCA 1987), the district court held that, although the trial court improperly rendered a judgment on compensatory damages while reserving jurisdiction to later consider punitive damages, the judgment appeared "to be, or have the attributes of a `true' final judgment, [and therefore] it is deemed to have taken on the characteristic of such a judgment which requires review by immediate appeal." (Footnote omitted.) See also Pointer Oil Co. v. Butler Aviation of Miami, Inc., 293 So.2d 389 (Fla. 3d DCA 1974) (although improperly entered, partial summary judgment was final in form and, therefore, immediately appealable). Therefore, if McGurn had not appealed the order immediately, a later appeal might have been viewed as untimely.
While a judgment or order which reserves jurisdiction to award prejudgment interest technically is not a final order, if a trial court improperly renders such a judgment which appears to be, or has the attributes of a final judgment, the order will be deemed to have become a final judgment requiring review by immediate appeal. Further, because an appellate court's jurisdiction is exclusive with respect to the subject matter of an appeal, once the appeal is taken the trial court will lack the jurisdiction to take any further action in the matter. See Willey v. W.J. Hoggson Corp., 89 Fla. 446, 105 So. 126 (1925). Thus, the parties will be deemed to have waived any matter reserved for future adjudication by the trial court, with the exception of attorneys' fees and costs. However, under Florida Rule of Appellate Procedure 9.600(b), the district court may in its discretion direct the trial court to address matters improperly reserved if the district court decides it is equitable to do so.[3]
We hold that the order in the instant case was improper because it was styled in the form of a final order while leaving the question of prejudgment interest for further adjudication. Prejudgment interest is an element of damages that must be decided before final judgment is set forth and must be a part of the final judgment. However, because the order issued in this case appeared final in most respects and stated that execution could issue, the order will be deemed a final order requiring review by immediate appeal. Further, the trial court has lost jurisdiction to address the issue of prejudgment interest.
For the reasons expressed above, we approve that portion of the district court's opinion holding that a judgment or order retaining jurisdiction to award prejudgment interest is not final, but quash that portion of the opinion dismissing review of the trial court's order for lack of jurisdiction. We remand the cause to the district court for further proceedings consistent with this opinion, and, because this is a case of first impression, we instruct the district court, under Florida Rule of Appellate Procedure 9.600(b), to direct the trial court to make a determination as to the amount of prejudgment interest due Scott.
It is so ordered.
SHAW, C.J., and OVERTON, BARKETT, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[1] Whether the parties stipulated to the reservation of jurisdiction is irrelevant to our decision. An agreement by both parties to reserve jurisdiction does not make the order final. See Ralston Purina v. Tancak, 508 So.2d 549 (Fla. 1st DCA 1987).
[2] McGurn also asserts that Scott is not entitled to prejudgment interest as a matter of law. We decline to address this issue as it was not ruled on by the trial court.
[3] Rule 9.600(b) provides that "[w]hen the jurisdiction of the lower tribunal has been divested by an appeal from a final order, the court by order may permit the lower tribunal to proceed with specifically stated matters during the pendency of the appeal." Fla.R.App.P. 9.600(b).