780 So.2d 968 (2001)
EMERALD COAST COMMUNICATIONS, INC., and Thomas C. Birch, Appellants,
v.
Mark CARTER, Renee Carter and Earnest Carter, Individually and d/b/a Carter Broadcasting and Mark and Renee Carter, as Trustees for Carter Broadcasting, Inc., a dissolved Florida corporation, Appellees.
No. 1D00-2580.
District Court of Appeal of Florida, First District.
March 5, 2001.
*969 Randy D. Ellison, West Palm Beach, for appellants.
James A. McGhee of Hook, Bolton, Mitchell, Kirkland & McGhee, Pensacola, for appellees.

ORDER ON MOTION TO RELINQUISH JURISDICTION
BARFIELD, C.J.
The issue presented concerns the proper application of McGurn v. Scott, 596 So.2d 1042 (Fla.1992), when the trial court reserves jurisdiction to award prejudgment interest. In McGurn, the supreme court held that an appeal was not premature where the order under review appeared final except for the fact that jurisdiction was reserved by the trial court to award prejudgment interest.
In this case, the trial court entered an order on May 19, 2000, styled "Final Judgment," in favor of plaintiffs for $50,000. The final judgment reserved jurisdiction to determine, among other things, the amount of prejudgment interest. Except for the reservation of jurisdiction on the prejudgment interest issue, the order awarded damages and included the language "for which let execution issue." The defendants served a timely motion for rehearing which was denied on June 1, 2000. Defendants filed a notice of appeal on June 22, 2000.
Appellees move to remand jurisdiction to the circuit court for the limited purpose of assessing prejudgment interest. Appellees argue that prejudgment interest is an element of pecuniary damages that must be set forth as a sum certain in the final order. Even if a judgment reserves jurisdiction to award prejudgment interest, once an appeal is taken, the appellate court's jurisdiction is exclusive and the trial court no longer has jurisdiction to adjudicate any matter except attorney's fees and costs. However, pursuant to Florida Rule of Appellate Procedure 9.600(b), where the trial court has improperly reserved jurisdiction to adjudicate prejudgment interest, an appellate court may relinquish jurisdiction for the limited purpose of adjudicating that issue. In McGurn, the supreme court instructed the district court to direct the trial court to make a determination concerning the amount of prejudgment interest to be awarded.
Appellees argue that this court may, within its discretion under rule 9.600(b), relinquish jurisdiction to the trial court to address the improperly reserved prejudgment interest should this court deem it equitable to do so. They argue that as in McGurn, equity dictates that this court relinquish jurisdiction to allow the trial court to determine the amount of prejudgment interest. Prejudgment interest is ordinarily recoverable as part of the plaintiff's damages on a claim based on contract *970 and was properly awarded in this case. Here, the trial court simply failed to calculate the amount of interest and express it as a sum certain. Appellees argue that they should not be precluded from obtaining a judgment to recover a substantial element of their damages based upon the trial court's election to reserve jurisdiction to calculate the amount of prejudgment interest post-trial.
Appellees point out that in the final judgment, the trial court also retained jurisdiction to determine and assess attorney's fees, costs and costs of collection. This appeal does not divest the trial court of jurisdiction to adjudicate those matters. McGurn at 1045. Appellees state that in the interest of judicial economy, this court can direct the trial court to address the issue of prejudgment interest at the same time as the other matters remaining for adjudication. Determination of prejudgment interest would be merely a matter of simple mathematical calculation.
Appellants respond in opposition to the motion to remand arguing that McGurn held that the plaintiff will be deemed to have waived entitlement to prejudgment interest reserved for future adjudication. While the McGurn decision does note the district court's discretion to relinquish jurisdiction to address the improperly reserved prejudgment interest question, it also makes clear that the exercise of such discretion depends upon this court deciding in a particular case that it is equitable to do so. While the court in McGurn directed the district court to exercise its discretion in favor of such relinquishment, it expressly did so because its decision therein was a case of first impression. Because this case does not fall under that category, appellants argue that the equitable ground which supported relinquishment in McGurn does not apply. Appellees have offered no alternative equitable ground for the requested relief.
If this court were to accept appellants' argument, a judgment debtor could immediately file a notice of appeal upon seeing that prejudgment interest was reserved and thereby cause the judgment creditor to forfeit the interest. On the other hand, if there was a reasonable period of time after entry of judgment before the notice of appeal, McGurn suggested that perhaps the interest was waived. After all, the judgment creditor could have sought rehearing on the interest issue. In McGurn, the supreme court noted:
[B]ecause an appellate court's jurisdiction is exclusive with respect to the subject matter of an appeal, once the appeal is taken the trial court will lack the jurisdiction to take any further action in the matter. [Citation omitted]. Thus, the parties will be deemed to have waived any matter reserved for future adjudication by the trial court, with the exception of attorneys' fees and costs.
Id. at 1045. (Emphasis added.) We determine that the failure to award prejudgment interest is an error which can be corrected by a motion for rehearing. The failure to serve such a motion within the time allowed by Florida Rule of Civil Procedure 1.530(b) and the filing thereafter of a notice of appeal would result in a waiver of the right to prejudgment interest. Here, it was the defendants who served the motion for rehearing. Appellees, who had been awarded damages, failed to serve a motion for rehearing to correct the error. After defendants' motion for rehearing was denied, defendants took the appeal. Because appellees failed to seek rehearing to correct the error, they have waived the right to prejudgment interest. The motion to remand is therefore denied.
MOTION DENIED.
WEBSTER and VAN NORTWICK, JJ., concur.