844 So.2d 751 (2003)
Bassam ABIFARAJ and Rayya Abifaraj as parents and natural guardians of Samer Abifaraj, Appellants,
v.
FLORIDA BIRTH-RELATED NEUROLOGICAL INJURY COMPENSATION ASSOCIATION, John Rinella, M.D., Rinella, Hudanich, Greenberg, Ralph & Sijin, P.A., Joaquin Taranco, M.M. and Taranco & Associates Anesthesiology Group, P.A., d/b/a/ Plantation-Tamarac Anesthesia Group, P.A., and Plantation General Hospital, Appellees.
No. 1D03-0334.
District Court of Appeal of Florida, First District.
May 9, 2003.
*752 Barbara Green, Miami; Mayer Gattegno, Coral Springs; Timothy M. Martin, Miami Lakes, for Appellants.
Kenneth J. Plante and Wilbur E. Brewton of Brewton, Plante & Plante, Tallahassee; Nancy W. Gregoire and Darlene Stosik of Bunnell, Woulfe, Kirschbaum, Keller & McIntyre, Ft. Lauderdale; Hal B. Anderson and John W. Mauro of Billing, Cochran, Heath, Lyles & Mauro, Ft. Lauderdale; Mark Casteel, Tallahassee; Esther E. Galicia, Merrilee A. Jobes and Liana Silsby of George, Hartz, Lundeen & Fulmer, Ft. Lauderdale, for Appellees.
PER CURIAM.
The appellants have sought review of an Amended Final Order and Award, which determined compensability under the Florida Birth-Related Neurological Injury Compensation Plan ("Plan"), created by section 766.303, Florida Statutes (2002). However, because this order does not complete the judicial labor and bring the administrative adjudicative process to a close, it is not an appealable final order. See Hill v. Div. Of Retirement, 687 So.2d 1376, 1377 (Fla. 1st DCA 1997). Accordingly, we dismiss this appeal for lack of jurisdiction. Fla. R.App. P. 9.110(m).
The administrative order on appeal determined that appellants' claim is compensable under the Plan, ordered the payment of previously incurred expenses, and "accorded a lump sum award of $100,000" to the appellants. However, the order did not make findings as to the amount of the previously incurred expenses which the appellee was ordered to pay. On the Court's own motion the appellants were directed to show cause why the appeal should not be dismissed as premature because the order did not appear to conclusively end the administrative adjudicative process. The appellants responded to this Court's order asserting that the order is final. Alternatively, the appellants argue that the order should be deemed final pursuant to McGurn v. Scott, 596 So.2d 1042 (Fla. 1992). Finally, if the order is not final, the appellants request that this Court relinquish jurisdiction so that they may obtain a final order. The appellees have also filed a response to this Court's order. However, the appellees' arguments point out efficiency problems that arise in the implementation of the administrative process required by the Plan and are more appropriately directed to the Legislature.
The order on appeal is not final because the award of expenses was not waived nor is it an ancillary or collateral issue like attorney's fees and costs. The appellants take the position that because the order included a "waiver of any claim to an award of reasonable expenses incurred in connection with the filing of the claim," they are not entitled to any award of previously incurred expenses. Therefore, there is no need to make a determination as to the amount of the award. Alternatively, if there is a need to make this determination, it can be made later without interfering with the order's finality because it is an ancillary or collateral issue. The appellants' reading of the order fails to recognize the distinction between "actual expenses" arising from a compensable injury, which comprise the element of compensation provided for in section 766.31(1)(a), and "reasonable expenses" that are incurred in connection with bringing the claim, which comprise a separate element of compensation provided for in section 766.31(1)(c). The waiver of expenses incurred in bringing a claim does not nullify the award of expenses caused *753 by the injury. Therefore, we reject the appellants' argument that there is no need to make a determination as to the amount of the award of previously incurred expenses. Similarly, upon distinguishing "actual expenses" and "reasonable expenses" it is clear that an award of compensation under section 766.31(1)(a) is not an ancillary or collateral issue. We do not reach the question of whether an award under section 766.31(1)(c) is an ancillary or collateral issue.
The appellants argue in the alternative that this Court should deem the order final because it is styled in the form of a final order and requires an immediate monetary payment. See McGurn v. Scott, 596 So.2d 1042 (Fla.1992); Emerald Coast Communications, Inc. v. Carter, 780 So.2d 968 (Fla. 1st DCA 2001). However, unlike the orders on review in McGurn and Emerald Coast, the instant order is an administrative order and not an ordinary civil order for money damages. Additionally, this administrative order should not be deemed final because it does not appear final in most respects, nor does it state that execution could issue. See Hoffman v. O'Connor, 802 So.2d 1197 (Fla. 1st DCA 2002). Therefore, we reject the appellants' argument that the instant order should be deemed final.
Finally, we deny the appellants' request to relinquish jurisdiction in order to obtain a final order. The appellants have not identified any exceptional circumstance necessitating relinquishing jurisdiction. Benton v. Moore, 655 So.2d 1272 (Fla. 1st DCA 1995).
DISMISSED.
BOOTH, WOLF and KAHN, JJ., concur.