867 So.2d 1219 (2004)
Jerry W. COUCH, Glenda M. Couch, and Beverly Todd, Appellants,
v.
TROPICAL BREEZE RESORT ASSOCIATION, INC., Shore Line Group, Ltd., Gulf Tropics Ltd., Inc., Gerald Hataway, Harry Rosenthal, George Schweikert, and Joel Pate, Appellees.
No. 1D03-3523.
District Court of Appeal of Florida, First District.
March 11, 2004.
Mark Freund, Tallahassee, for Appellants.
Larry A. Bodiford of Hutto & Bodiford, Panama City; Julie Ann Sombathy of Isler & Sombathy, Panama City; and John F. Daniel of Daniel & Komarek, Panama City, for Appellees.
PER CURIAM.
The appellants have sought review of an order captioned as a Final Judgment. However, the order is not final because related claims remain pending. Specifically, Counts I through VI, VIII, and X through XIII are not adjudicated by the order on appeal. Moreover, although the order appears to adjudicate the merits of Counts VII and IX, it reserves jurisdiction to hold a trial on the issue of punitive damages. Judicial labor with regard to the related issue of punitive damages on Counts VII and IX remains pending, and the order is consequently nonfinal. Accordingly, the appeal is hereby dismissed for lack of jurisdiction. See Raymond James & Associates, Inc. v. Godshall, 851 So.2d 879 (Fla. 1st DCA 2003); see also S.L.T. Warehouse Co. v. Webb, 304 So.2d 97, 99 (Fla.1974).
*1220 The appellants suggest that the order should be "deemed" final pursuant to McGurn v. Scott, 596 So.2d 1042 (Fla. 1992). Recently, this Court limited application of McGurn to orders that otherwise appear to be ordinary final money judgments except for an improper reservation of jurisdiction to consider prejudgment interest, specifically. See Godshall, 851 So.2d at 881. However, McGurn and Godshall are both distinguishable from the present appeal because it is clear that related substantive claims remain pending in the form of Counts I through VI, VIII, and X through XIII, as well as the issue of punitive damages as to Counts VII and IX. It appeal's at this time that extensive judicial labor remains. Accordingly, the appellant's request that the Court certify a question of great public importance to the Florida Supreme Court is denied.
The appellants' motion for extension of time to file the initial brief is denied as moot.
DISMISSED.
ALLEN, DAVIS and HAWKES, JJ., concur.