890 So.2d 1186 (2005)
The HOME INSURANCE COMPANY, a New Hampshire Corporation, as successor in interest to the Home Indemnity Company, Appellant,
v.
CRAWFORD & COMPANY, a Georgia Corporation, Appellee.
Nos. 4D03-1028, 4D03-1673, 4D03-2139.
District Court of Appeal of Florida, Fourth District.
January 5, 2005.
*1187 Pamela A. Chamberlin of Mitrani, Rynor, Adamsky & Macaulay, P.A., Miami, for appellant.
G. Bart Billbrough of Billbrough & Marks, P.A., Coral Gables, for appellee.
BRYAN, BEN L., JR., Associate Judge.
This case results from asserted mishandling of settlement opportunities in an underlying case in which an injured person, James, sued Rinker. Rinker was insured by Home Insurance Company, which contracted with Crawford & Company to service its insurance claims. After a substantial verdict was entered against Rinker and Home, Home sued Crawford for breach of contract, fraud, and breach of fiduciary duty in connection with its handling of the claim. The trial court directed a verdict on the fraud and breach of fiduciary duty counts, and the jury returned a verdict in Home's favor on the breach of contract count. Home appeals the directed verdict on the fraud and breach of fiduciary duty claims, and Crawford appeals the denial of its motion for directed verdict on the contract claim and the award of prejudgment interest to Home. We affirm as to all issues, except the award of prejudgment interest.
Crawford contracted with Home to service Home's insurance claims. Its initial authority was set at $250,000, meaning that it could settle claims for up to $250,000 without having to seek approval from Home. Home claimed that this authority was later reduced to $99,000 by a letter in 1996 to Crawford, who did not respond.
The accident that was the subject of the claim occurred in December 1992 when a Rinker cement truck collided with a vehicle in which James was an occupant. From the outset, Crawford evaluated the James claim as a case of "clear liability." In January 1996, James made a detailed settlement offer of $950,000 that was rejected, so he filed suit against Rinker. During discovery, James produced an economist's report setting his future economic loss between $283,000 and $876,000. Prior to trial, Crawford increased its reserve to $130,000. In July 1998, James served a formal offer of judgment for $100,000. The case was tried in September 1998. A verdict of $743,537 was returned against Rinker on October 1. Fees *1188 and costs of $165,463 were awarded. On December 7, 1998, Crawford provided the first report of any kind to Home on the James case. After receiving this information, Home settled the case for $743,537.
Home then sued Crawford and asserted claims for breach of contract, fraudulent concealment, and breach of fiduciary duty. The trial court granted Home's motion to amend the complaint to claim punitive damages. The trial court directed a verdict on Home's claims for fraudulent concealment and breach of fiduciary duty, eliminating any claim for punitive damages.
The jury found for Home on the contract claim in the full amount claimed for compensatory damages of $243,537, which was the amount of the James verdict less the $500,000 deductible paid by Rinker.
The verdict was returned on January 31, 2003. Home filed motions to tax attorneys' fees, costs, expenses, and interest. Crawford filed motions to set aside the verdict and for a new trial. A final judgment was signed on February 10, awarding Home $243,537 and reserving jurisdiction to tax costs, prejudgment interest, and fees. The court later denied Crawford's motion to set aside the verdict and for a new trial. The next day, Home filed its notice of appeal of the final judgment. Crawford filed its notice of appeal several days later.
After the appeals were filed, the trial court heard Home's post verdict motions, and on April 14, 2003, granted prejudgment interest of $99,015. Costs and post judgment interest were awarded and attorneys' fees denied.
Crawford moved for rehearing of these orders. On April 23, 2003, the court entered an amended final judgment awarding the original verdict plus $4,315.13 for costs and prejudgment interest of $99,015. On April 28, the court denied Crawford's motion for rehearing. Crawford filed its notice of appeal of the amended final judgment. This court consolidated all three appeals.
Home asserts the trial court erred in granting the directed verdict on the claims for fraud and breach of fiduciary duty. In Florida, an independent insurance adjuster owes a duty to the insurance company arising out of the contract between the company and the adjuster. King v. Nat'l Sec. Fire & Cas. Co., 656 So.2d 1338, 1339 (Fla. 4th DCA 1995). "An insurance adjuster acts on behalf of the insurer. The duties of an insurance adjuster vary and are defined by the terms of the contract between the insurer and the adjuster." Id. (citations omitted). "[B]reach of this duty subjects the adjuster to liability for the insurer's resulting loss and the insurer can seek indemnity for liability accruing from the adjuster's negligence." Id. "When a[n] agent acts negligently so as to cause its principal to become liable to a third person, the principal may bring an action against the agent either in tort or for breach of contract." GAB Bus. Servs., Inc. v. Syndicate 627, 809 F.2d 755, 759 (11th Cir.1987); see also Pegg v. Bertram, 176 So.2d 918, 921 (Fla. 3d DCA 1965).
In this case, the contract between the parties imposes contractual duties upon Crawford. It did not impose any fiduciary duties. The parties were dealing at arm's length. Neither can be considered unsophisticated. There was no evidence that the failure to notify Home of the verdict for sixty-six days was anything other than negligent. A final judgment in the amount obtained was not going to be concealed. The trial court did not err in directing the verdicts that resulted in elimination of the claim for punitive damages.
*1189 Crawford cross appeals the denial of its motion for directed verdict on the contract count and for a new trial. There was ample evidence, in addition to the reporting requirement dispute, of negligence on which the jury could have concluded that Crawford breached the contract. Crawford also argues that there is no evidence of proximately caused damage. It maintains that the damage claimed by Home is an amorphous lost opportunity. The Home employee responsible for the file after the claim was reported testified that her routine practice was to settle cases with clear liability, damages claimed of approximately $1,000,000, and a $100,000 offer of judgment.
Did Home have to prove it would have settled or is the lost opportunity to decide sufficient? In hindsight the case obviously should have been settled. However, there were many cooks in the kitchen  Crawford, Rinker, and the defense attorneys, who offered neither the amount authorized nor Crawford's evaluation.
Home was the absent party. The damage amount is not speculative, but is a mathematical calculation. The purpose of compensation for a breach of contract is to place the injured party in the position it would have been had the breach not occurred. There was sufficient evidence for the jury to determine liability and damages. The court did not err in denying the motions for directed verdict and new trial.
Crawford also asserts error in denying its motion in limine and objections to the testimony of Home's insurance expert. Whether a tendered expert possesses adequate qualifications is a question of fact decided by the trial court. See Carrier v. Ramsey, 714 So.2d 657, 659 (Fla. 5th DCA 1998). "Such a decision is peculiarly within the discretion of the trial court, and the trial court's ruling will not be reversed absent a clear showing of error." Id. It was up to the jury to evaluate the witness's credibility and accept or reject his opinion. Based upon testimony as to his qualifications and materials reviewed, the trial court did not abuse its discretion in permitting the testimony.
Finally, Crawford asserts that the trial judge erred in granting Home prejudgment interest. Timing is important to the resolution of this issue. The jury rendered the verdict for Home on January 30, 2003. On February 4, Home filed its motion for prejudgment interest. On February 7, Crawford filed its motions for new trial, etc. On February 10, prior to a hearing on the motions, the court entered its final judgment on the verdict, ordered execution, and reserved to determine interest. On March 10, the trial court denied Crawford's motions. On March 11, Home filed its notice of appeal of the final judgment of February 10. On April 4, Crawford filed its notice of appeal. On April 14, the trial court entered its order awarding interest. On April 23, the trial court signed an amended final judgment including prejudgment interest. Crawford appealed this judgment.
Crawford argues that Home waived its prejudgment interest claim when it filed its notice of appeal without moving to rehear the final judgment.
In McGurn v. Scott, 596 So.2d 1042, 1044 (Fla.1992), the Florida Supreme Court ruled that it is improper for a trial judge to render an order that, in all respects, appears to be a final money judgment, but which leaves the determination of prejudgment interest for future adjudication. However, if a trial court improperly renders such a judgment, the order will be deemed to have become a final judgment requiring review by immediate appeal. Id. at 1045. The trial court then lacks jurisdiction to take further action *1190 and the parties will be deemed to have waived any matter reserved for future adjudication except for attorneys' fees and costs. Id. In McGurn, because it was a case of first impression, the district court was directed to remand the case under Florida Rule of Appellate Procedure 9.600(b). Id.
In Emerald Coast Communications, Inc. v. Carter, 780 So.2d 968 (Fla. 1st DCA 2001), the first district expounded on McGurn. In that case, the trial judge improperly reserved ruling on prejudgment interest in a nonjury trial. The defendants filed a motion for rehearing. It was denied and they appealed. The plaintiff/appellee moved to remand for the limited purpose of assessing prejudgment interest. The first district discussed the problem of a judgment debtor immediately filing a notice of appeal to cut off prejudgment interest, but denied remand because the plaintiff had not filed a motion for rehearing to correct the error within the time allowed under Florida Rule of Civil Procedure 1.530(b). 780 So.2d at 970.
In this case, Home was the party filing the notice of appeal. Home did not move to relinquish jurisdiction to permit the trial court to award prejudgment interest. As a result of Home's own action, the trial court had no jurisdiction to award prejudgment interest. Home waived the claim.
The final judgment is affirmed except for the award of prejudgment interest. The case is remanded for the entry of a final judgment that does not include prejudgment interest.
STONE and WARNER, JJ., concur.