923 So.2d 516 (2005)
ROLLINS FRUIT COMPANY, INC., a Florida corporation; and William H. Rollins, Appellants/Cross-Appellees,
v.
L.S. WILSON, III, and L. Delores Wilson, his wife; and Community National Bank of Pasco County, Appellees, and
Sunstate Title Agency, Inc., Appellee/Cross-Appellant.
No. 2D04-2916.
District Court of Appeal of Florida, Second District.
December 28, 2005.
*517 Charlie Luckie, Jr., of Charlie Luckie, Jr., P.A., Dade City, for Appellants/Cross-Appellees.
Charles D. Waller, Dade City, for Appellees Wilson.
Stephen D. Carle of Hodges & Carle, P.A., Zephyrhills, for Appellee/Cross-Appellant Sunstate Title Agency, Inc.
No appearance for Appellee Community National Bank of Pasco County.
WALLACE, Judge.
Rollins Fruit Company, Inc., a Florida corporation, and William H. Rollins (the Sellers) challenge an order that granted motions to dismiss made by L.S. Wilson, III, and Delores Wilson, his wife (the Buyers); Sunstate Title Agency, Inc. (the Escrow Agent); and Community National Bank of Pasco County (the Bank). The Sellers also appeal an order awarding attorney's fees to the Escrow Agent. The order that granted the motions to dismiss is not a final order or an appealable nonfinal order. Therefore, we dismiss the Sellers' appeal of that order because we lack jurisdiction. We reverse the order awarding attorney's fees to the Escrow Agent because the order was prematurely entered.

THE FACTS AND PROCEDURAL HISTORY
In August 2001, the Sellers entered into a contract to sell real property in Pasco County to the Buyers. There were citrus trees on part of the property. The contract was contingent upon the Sellers' ability to obtain releases of mortgages held by Farm Credit and Wamco that encumbered the property. The Buyers arranged to obtain a construction mortgage on the property from the Bank.
*518 At closing, the Sellers were unable to furnish the necessary release of the Wamco mortgage. The parties expected that the release would be forthcoming.[1] Therefore, they closed the transaction in escrow. The Escrow Agent agreed to act as the depositary for the parties. Several months later, the Wamco mortgage was satisfied. The Buyers' attorney notified the Escrow Agent of this fact and requested that it record the documents. The Escrow Agent promptly complied with this request. It recorded the deed from the Sellers, a mortgage from the Buyers to the Bank, and a notice of commencement. The Escrow Agent also tendered a check to the Sellers for the net sales proceeds.
After these events, the Sellers took the position that the Escrow Agent's recording of the documents it had held in escrow was unauthorized. The Sellers also refused to accept the net proceeds check tendered by the Escrow Agent. The Sellers claimed that the contract had been terminated and that they had previously notified the Escrow Agent that "the deal [was] off." The Sellers filed an action against the Buyers and the Bank to quiet title to the property and for the cancellation of the recorded documents. The Sellers also sued the Escrow Agent and the Buyers' attorney for damages. All of the defendants answered the complaint. The Buyers also counterclaimed against the Sellers for a declaration of their rights concerning the transaction and for specific performance of the contract. Although the Buyers had taken possession of the property, the Sellers had picked the fruit from the citrus trees, sold it, and retained the proceeds of the sale. Whether the Sellers or the Buyers were entitled to the proceeds of the sale of the fruit became one of the issues in the litigation.
After the Sellers had completed the presentation of their evidence in a bench trial, each of the defendants moved for a judgment of dismissal in accordance with Florida Rule of Civil Procedure 1.420(b). The trial court granted the motion as to each of the defendants. After the trial court had announced its ruling, the attorney for the Buyers stated that his clients were willing to waive their counterclaim "assuming there is no appeal." In the event the Sellers took an appeal, the Buyers' attorney proposed to "reserve the right to come back on that counterclaim and not take up that time today." The Sellers' attorney made no objection to this unusual procedure, and the trial court agreed to "reserve on the counterclaim."
In a subsequent written order, the trial court ruled, in pertinent part, as follows:
At the close of [the Sellers'] case and the Court's announced order on the motions for directed verdict, the [Buyers] announced that they would forgo their counterclaim for damages provided there was no appeal of the court's decision and the court agreed to reserve jurisdiction for that contingency.
IT IS THEREUPON ORDERED AND ADJUDGED AS FOLLOWS:
1. [The Buyers'] Motion to Dismiss is GRANTED.
2. [The Bank's] Motion to Dismiss is GRANTED.
3. [The Escrow Agent's] Motion to Dismiss is GRANTED.
. . . .
5. There are certain items due to be paid by the [Sellers] to the [Buyers], *519 i.e.[,] the [Sellers] acknowledged that during the pendency of this action, [they] had picked the fruit and placed the moneys in escrow; therefore, the court reserves jurisdiction to determine those amounts if the parties are unable to agree.
In a separate order, the trial court granted the motion made by the Buyers' attorney to dismiss the claim that had been made against him personally. The Sellers have not appealed this order.
The Escrow Agent filed a motion seeking the recovery of its attorney's fees in accordance with Florida Rule of Civil Procedure 1.525. In a separate order entered after the order granting the motions to dismiss, the trial court determined the amount of a reasonable fee for the Escrow Agent's attorney to be $5445 and entered a judgment in favor of the Escrow Agent for this amount. Although the judgment for the Escrow Agent's attorney's fees incorporated traditional words of finality, including "for which let execution issue," it did not address the parties' substantive claims that had been asserted in the litigation.
The Sellers appealed the order granting the motions to dismiss made by the Buyers, the Escrow Agent, and the Bank. The Sellers also appealed the order granting judgment for attorney's fees in favor of the Escrow Agent. The Escrow Agent filed a notice of cross-appeal from this order, but it has not pursued the cross-appeal.

DISCUSSION

A. The Order Granting the Motions to Dismiss
We lack jurisdiction of the Sellers' appeal of the order granting the motions to dismiss. This order is not a final order, and it is not an appealable, nonfinal order. Two features of the order render it nonfinal between the Sellers and the Buyers; a third characteristic of the order is sufficient to deprive it of finality as to all of the parties.
First, the order purported to dispose of only the Sellers' claims against the Buyers, the Escrow Agent, and the Bank. The trial court specifically reserved jurisdiction over the Buyers' counterclaim against the Sellers. But the Buyers' counterclaim was compulsory, not permissive. The claims asserted in the Buyers' counterclaim stemmed from the real estate transaction that was the subject of the claims alleged in the Sellers' complaint. Thus the parties' claims were interrelated. The order granting the motions to dismiss the Sellers' claims against the defendants is not a final appealable order as to the Sellers and the Buyers because a compulsory counterclaim involving the same parties and the same transaction remains pending before the trial court. See S.L.T. Warehouse Co. v. Webb, 304 So.2d 97, 100 (Fla.1974); Madura v. Turosienski, 901 So.2d 396, 397 (Fla. 2d DCA 2005); City of Haines City v. Allen, 509 So.2d 982, 983 (Fla. 2d DCA 1987).
Second, the trial court also reserved jurisdiction to determine the amount of money the Sellers owed the Buyers for the citrus fruit picked during the pendency of the action. Therefore, the order granting the motions to dismiss was not final between the Sellers and the Buyers for an additional reason. A judgment is not final where further judicial labor is required or contemplated to end the litigation between the parties. See GEICO Fin. Servs., Inc. v. Kramer, 575 So.2d 1345, 1346 (Fla. 4th DCA 1991). In this case, the judicial labor was not at an end because it remained for the court to determine the amount due the Buyers for the proceeds from the sale of the fruit and to enter judgment for that amount in their *520 favor and against the Sellers. Where, as in this case, a trial court enters an order reserving jurisdiction to determine an element of a party's damages, it has not disposed of all material issues in controversy. Accordingly, an order containing such a reservation is not a final order. See McGurn v. Scott, 596 So.2d 1042, 1044 (Fla.1992).
Third, the trial court's order merely recited that the defendants' motions to dismiss were granted. The trial court did not take the additional step of entering a final judgment in favor of the defendants. An order that merely grants a motion to dismiss is not a final order. See Bd. of County Comm'rs v. Grice, 438 So.2d 392, 394 (Fla.1983); Hayward & Assocs. v. Hoffman, 793 So.2d 89, 91 (Fla. 2d DCA 2001); Hoffman v. Hall, 817 So.2d 1057, 1058 (Fla. 1st DCA 2002); Gries Inv. Co. v. Chelton, 388 So.2d 1281, 1282 (Fla. 3d DCA 1980). It follows that the order granting the motions to dismiss lacks finality as to all of the parties. For this reason, we dismiss the Sellers' appeal of the order granting the motions to dismiss. Our dismissal is without prejudice to the Sellers' right to file another appeal after the entry of a final order.

B. The Judgment for Attorney's Fees
This brings us to the judgment for attorney's fees in favor of the Escrow Agent. Although the order granting this judgment was entered before the entry of a final judgment in the case, it was final in form and was thus appealable. See Del Castillo v. Ralor Pharmacy, Inc., 512 So.2d 315, 319-20 (Fla. 3d DCA 1987); Pointer Oil Co. v. Butler Aviation of Miami, Inc., 293 So.2d 389, 390 (Fla. 3d DCA 1974). Consequently, we have jurisdiction of the Sellers' appeal of the judgment and the Escrow Agent's cross-appeal of the same judgment. Even so, both the Escrow Agent's motion for attorney's fees and the trial court's order that made the award were predicated on the assumption that the Escrow Agent had already obtained a final judgment in its favor. As we have seen, this assumption was unfounded. It follows that the trial court's order for fees was premature. Accordingly, we reverse the order granting judgment in favor of the Escrow Agent for its attorney's fees. Our reversal is without prejudice to the Escrow Agent's right to file a timely motion for attorney's fees after the entry of a final judgment that disposes of the Sellers' claims against it.
Dismissed in part, reversed in part, and remanded for further proceedings.
KELLY, J., and ARTIGLIERE, RALPH, Associate Judge, Concur.
NOTES
[1] Wamco had agreed to provide a partial release of its mortgage before the closing. By the time of closing, Wamco had sold the mortgage to a third party. The third party demanded additional information before it would consider providing the necessary partial release.