944 So.2d 1107 (2006)
AVATAR DEVELOPMENT CORPORATION, a Florida corporation, Appellant,
v.
Adelina DeANGELIS, Appellee.
No. 4D06-173.
District Court of Appeal of Florida, Fourth District.
November 22, 2006.
Rehearing Denied January 24, 2007.
John H. Pelzer and Brigid F. Cech of Ruden, McClosky, Smith, Schuster & Russell, P.A., Fort Lauderdale, for appellant.
J. Alfredo De Armas of Alvarez, Armas & Borron, P.A., Coral Gables, for appellee.
TAYLOR, J.
Avatar Development Corp. appeals a post-judgment order granting appellee Adelina De Angelis's motion for a writ of execution as to the prejudgment interest amount calculated eight months after the final judgment. We reverse, because the prejudgment interest was waived when it was not calculated and included as a sum certain in the original final judgment nor requested to be calculated by rehearing or amendment within ten days of the order.
On March 23, 2005, the trial court entered a final judgment in favor of Adelina De Angelis in a lawsuit related to the construction of a new home. After discussing the awardable damages, the court stated:
Since these are liquidated damages she is also entitled to prejudgment interest. On the $386,927 claim, prejudgment interest runs from April 9, 2003, when the Defendant declared her in default and terminated the contract. On the $138,073 claim, prejudgment interest runs from June 11, 2003, which was the date the Defendant resold the property. The Court finds in favor of the Plaintiff as set forth above, for which let execution issue.
At the time the final judgment was entered by the order, the trial court did not address the applicable interest rates or calculate the actual amount of prejudgment interest for appellee. Appellee did not request a rehearing or move to amend the order to calculate a sum certain for prejudgment interest within ten days of *1108 the order, pursuant to Fla. R. Civ. P. 1.530.
On April 29, 2005, Avatar timely appealed in case number 05-1842 and filed a supersedeas bond covering everything except the prejudgment interest. On December 12, 2005, appellee filed a motion for a writ of execution on the amount that was not superseded by the bond, that is, the prejudgment interest. Over Avatar's objection, the trial court granted the motion and entered an order which calculated the amount of prejudgment interest as $50,088.49 on the larger award and $16,443.93 on the smaller award. The court applied a 6% interest rate for the 2003 periods and a 7% interest rate for the 2004 periods in arriving at these totals. The court permitted execution on these amounts unless the supersedeas bond was increased within ten days. Avatar appealed, arguing that the trial judge lost jurisdiction to set the prejudgment interest amount and that prejudgment interest was waived when it was not calculated and included as a sum certain in the original final judgment.
In McGurn v. Scott, 596 So.2d 1042, 1045 (Fla.1992), the Florida Supreme Court was faced with a final judgment that had reserved jurisdiction to award prejudgment interest. The court held that the plaintiff was deemed to have waived any matter reserved for future adjudication, with the exception of attorney's fees and costs. McGurn is arguably distinguishable, in that there the trial court did not rule on the prejudgment interest question at all. Here, however, the court purported to award prejudgment interest but simply failed to calculate the amount.
In McGurn, the court noted that under Florida Rule of Appellate Procedure 9.600(b), the district court may in its discretion direct the trial court to address matters improperly reserved if the district court decides that it is equitable to do so. Thus, De Angelis could have requested that we relinquish jurisdiction to permit the trial court to undertake the interest calculation in Case No. 05-1842. However, he elected not to do so. Our mandate issued on June 30, 2006, thus foreclosing that option. See also Home Ins. Co. v. Crawford & Co., 890 So.2d 1186 (Fla. 4th DCA 2005) (applying McGurn to find a waiver where the trial court purported to reserve jurisdiction to award prejudgment interest and plaintiff did not move for rehearing or move on appeal for a relinquishment of jurisdiction).
Emerald Coast Communications, Inc. v. Carter, 780 So.2d 968, 969-70 (Fla. 1st DCA 2001) is more directly on point. In that case the final judgment awarded prejudgment interest but "simply failed to calculate the amount of interest and express it as a sum certain." Id. The court recognized that the determination of the prejudgment interest was "a matter of simple mathematical computation." Id. However, the court held that the failure to perform the calculation and express the prejudgment interest was an error that should have been corrected by the plaintiff's timely motion for rehearing under Florida Rule of Civil Procedure 1.530(b). By failing to move for rehearing to correct the error the plaintiff had waived its right to the prejudgment interest. Id.
Appellee argues that Emerald Coast is distinguishable because there the trial court did not award prejudgment interest in the final judgment, but instead reserved jurisdiction to award prejudgment interest. This is a distinction without a difference. The bottom line is that no sum certain was expressed in the final judgment. The amount of a final judgment must be plain on its face and not require further calculations to be performed prior to execution of the judgment. When an order for final *1109 judgment leaves the determination of prejudgment interest for future adjudication, a party should move for rehearing to correct the error in order to secure a prejudgment interest award. See also Home Ins. Co., 890 So.2d at 1190 (Fla. 4th DCA 2005) (following Emerald Coast).
Reversed.
STEVENSON, C.J., and WARNER, J., concur.