ALTENBERND, Judge.
 

 The City of Marco Island (the City) seeks a writ of mandamus to compel the circuit court to reinstate the City’s appeal from an order entered by the county court. We grant the petition because the notice of appeal was timely as to the final order entered by the county court.
 

 The Marco Island City Ordinance 06-05 regulates the mooring of vessels in certain areas. David Dumas was cited in January 2007 for violating this ordinance because he allegedly moored a 42-foot motor yacht, the
 
 Kin Ship,
 
 for twelve hours within 300 feet of a seawall. The City commenced an enforcement proceeding in county court that is comparable to a misdemeanor charge.
 

 Mr. Dumas responded to this proceeding with a motion challenging the constitutionality of the ordinance both facially and as applied. This motion is over twenty pages in length and presents his arguments in exceptional detail. It is not, however, a motion to dismiss the enforcement proceeding. Instead, it simply asks the county court to declare the ordinance unconstitutional. In many respects, it is essentially a request for declaratory relief filed within the enforcement proceeding.
 

 On October 25, 2007, the county court entered an “Order on Defendant’s Motion to Declare Ordinance Unconstitutional” that declared parts of the ordinance unconstitutional. The order did not dismiss the proceeding. Apparently, the county court judge orally and incorrectly informed the City that the order was a final order. The City properly disagreed with the oral advice that it had received from the county court judge as to the finality of the order
 
 *109
 
 and, on November 26, 2007, at the City’s request the county court entered an order dismissing the charge against Mr. Dumas. Within fifteen days, the City filed a notice of appeal challenging the November 26 order.
 
 [1]
 

 Mr. Dumas responded to the appeal by filing a motion to dismiss, arguing that the order entered on October 25 was the final appealable order and not the order of dismissal entered in November. The circuit court granted the motion and the City has petitioned for a writ of mandamus requesting that this court compel the circuit court to reinstate the appeal.
 
 [2]
 

 The circuit court concluded that the October order was a final order because it left no judicial labor to be done “except the execution of the judgment.” It relied on
 
 McGurn v. Scott,
 
 596 So.2d 1042 (Fla.1992), and
 
 Rollins Fruit Co., Inc. v. Wilson,
 
 923 So.2d 516 (Fla. 2d DCA 2005).
 

 In
 
 McGurn,
 
 the trial court entered an order entitled “final judgment” that reserved the right to award prejudgment interest. As the court stated: “Therefore, the issue before this Court is whether a trial court may issue a final appealable order while reserving jurisdiction to award prejudgment interest.” 596 So.2d at 1043. The court then explained: “It is well settled that a judgment attains the degree of finality necessary to support an appeal when it adjudicates the merits of the cause and disposes of the action between the parties, leaving no judicial labor to be done except the execution of the judgment.”
 
 Id.
 
 Obviously, what the circuit court overlooked in this case is the fact that the October order did not expressly adjudicate the merits of the enforcement proceeding or dispose of the action; it merely entered a legal ruling as to an issue in the case. It is comparable to the order granting a motion to dismiss that this court held to be nonfinal in
 
 Rollins Fruit,
 
 923 So.2d 516, which is the other case that the circuit court cited in support of its order of dismissal. It is also comparable to an order granting summary judgment, which is not appealable.
 
 See Cardiothoracic & Vascular Surgery, P.A. v. W. Fla. Reg’l,
 
 993 So.2d 1060 (Fla. 1st DCA 2008).
 

 The order entered in October was a nonfinal, nonappealable order. The City properly requested the county court to enter a final appealable order based on the reasoning of that order and it has filed a timely appeal from that order.
 

 Petition for writ of mandamus granted with instructions to reinstate appeal from county court.
 

 KELLY and KHOUZAM, JJ„ Concur.
 

 [1]
 

 . Because the City filed the appeal within fifteen days, we are not required to decide whether such an appeal is criminal and must be filed within fifteen days,
 
 see
 
 Fla. R. App. P. 9.140(c)(3), or is civil and can be filed within thirty days,
 
 see
 
 rule 9.110(b).
 

 [2]
 

 . A petition for writ of mandamus in this court is the appropriate vehicle to challenge the circuit court's dismissal of the City’s appeal.
 
 See Lombardo v. Haige,
 
 971 So.2d 1037, 1039 (Fla. 2d DCA 2008).