PER CURIAM.
 

 The appellant has sought review of an Order on Former Wife’s Motion to Vacate and/or Set Aside June 4, 2007, Order on Former Wife’s Emergency Motion and June 10, 2008, Order on All Pending Motions, which was entered by the lower tribunal on November 17, 2008. This order, which vacates portions of two prior post-dissolution enforcement orders, fails to conclude the lower tribunal’s judicial labor on the issue of the parties’ respective responsibilities to pay the mortgage on the former marital home. Therefore, the appeal is premature.
 
 See S.L.T. Warehouse Co. v. Webb,
 
 304 So.2d 97, 99 (Fla.1974);
 
 see also Caufield, v. Cantele,
 
 837 So.2d 371, 375 (Fla.2002) (reaffirming the traditional test for finality requiring that no further action by the court will be necessary);
 
 McGurn v. Scott,
 
 596 So.2d 1042, 1043 (Fla.1992) (stating “[i]t is well settled that a judgment attains the degree of finality necessary to support an appeal when it adjudicates the merits of the cause and disposes of the action between the parties, leaving no judicial labor to be done except the execution of the judgment”). Accordingly, the appeal is dismissed.
 

 The Appellee’s Motion to Dismiss Appeal, filed on January 27, 2009, is denied.
 

 ALLEN, DAVIS, and PADOVANO, JJ., concur.