COPE, J.,
(concurring).
We reach an unfair result in this case because the decision in McGurn v. Scott, 596 So.2d 1042 (Fla.1992), requires us to do so. I entirely agree with Judge Roth-enberg’s thorough discussion and conclusion that the denial of prejudgment interest is required by McGum.
In my view, the McGum rule should be revisited.
As stated in the majority opinion, the plaintiff prevailed after a bench trial in an accounting case. The plaintiff drafted, and the trial court signed, the final judgment. The final judgment included a provision which stated, “Separate order will be entered awarding prejudgment interest.”
Within ten days, the plaintiff filed a motion to assess prejudgment interest. The claim was $2,067,444.30, based on an accounting worksheet. Both parties also filed other timely postjudgment motions.
At the hearing on postjudgment motions, the plaintiff requested that the trial court set the prejudgment interest amount. The defendant objected, saying that the plaintiffs method of calculation was incorrect and yielded a result which was too high. The defendant stated that an evidentiary hearing would be needed.
The trial judge said that she was leaving on vacation and her schedule was completely full for the month after she returned from vacation. The defendant explained that it wanted to take an immediate appeal. The judge asked whether the hearing on prejudgment interest could be deferred while the parties appealed. The defendant was particularly vocal that this would be entirely permissible.[2] The plaintiff did not object.
Both parties filed notices of appeal. During the appeal, the defendant never attacked the reservation of jurisdiction. The defendant never made any argument that the appeal was premature because of the reservation of jurisdiction.
At some point the defendant became aware of the McGum decision. That decision states that by taking an appeal, “the parties will be deemed to have waived any matter reserved for future adjudication by the trial court, with the exception of attorney’s fees and costs.” 596 So.2d at 1045.
After the mandate, the trial court conducted a hearing pursuant to the reservation of jurisdiction. The defendant informed the court about McGum. On the basis of McGum, the trial court denied prejudgment interest and the plaintiff has appealed.
The question in McGum was whether a final judgment was “final” for purposes of appeal if it contained a reservation of jurisdiction to determine prejudgment interest. Prior to McGum, precedent in this district allowed such a reservation. Id. at 1043.
The McGum court took the position that prejudgment interest is an element of *860 damages, and held that it is improper to include such a reservation in a final judgment. Id. at 1044-45. The court ruled that if such a judgment is appealed, the prejudgment interest claim is waived. Id. at 1045.
As a preliminary matter, the McGurn decision seems to rest on a theory that every civil case is litigated from a complaint to a final judgment with all issues decided except attorney’s fees and costs. But to this rule we recognize many exceptions. In appropriate cases we allow bifurcated proceedings or severance of claims. Where provisional remedies are involved, we allow immediate appeals in injunction cases, receivership matters, and rulings deciding the immediate possession of property. As the majority opinion points out, determination of prejudgment interest bears a resemblance to the determination of attorney’s fees and costs, and as an original proposition, it is hard to see why such a reservation of jurisdiction should not be allowed.
The more substantial problem, however, is inadvertent waiver. To the extent possible, procedural rules should operate so as to avoid the unintentional loss of substantive rights. Ordinarily when a final judgment is entered which is not truly “final,” the appeal is subject to dismissal on motion by the appellee or the court’s own motion. See generally Fla. R.App. P. 9.110(1). The advantage of such a rule is that the matter can be returned to the trial court for completion of the judicial labor, and there is no inadvertent loss of rights.[3]
Florida has a long standing public policy in favor of adjudication of disputes on the merits wherever possible. See North Shore Hospital, Inc. v. Barber, 143 So.2d 849, 852-53 (Fla.1962). It would better serve that policy to modify the McGurn rule to eliminate the automatic waiver. An appeal containing an improper reservation of jurisdiction should be subject to dismissal on motion of a party, or the court. This is the procedure for dealing with other premature appeals, and it is hard to see a good reason why an improvident retention of jurisdiction should be treated differently.

On Motion for Certification

PER CURIAM.
We grant the motion for certification. As stated in the majority and concurring opinions, it is our view that the rule in McGurn v. Scott, 596 So.2d 1042 (Fla.1992), should be revisited. The Florida Supreme Court has said that the district courts of appeal may suggest a change in law by certifying questions. Strickland v. State, 437 So.2d 150, 152 (Fla.1983); Hoffman v. Jones, 280 So.2d 431, 434 (Fla.1973). We certify that we have passed on the following questions of great public importance:
WHERE THERE HAS BEEN AN AGREEMENT ON, OR NO OBJECTION TO, A RESERVATION OF JURISDICTION TO AWARD PREJUDGMENT INTEREST, SHOULD THE RESERVATION BE UPHELD IN ORDER TO PREVENT AN INJUSTICE NOTWITHSTANDING THE RULE IN MCGURN V. SCOTT, 596 So.2d 1042 (Fla.1992)?
WHERE A JUDGMENT CONTAINS A RESERVATION OF JURISDICTION TO AWARD PREJUDGMENT INTEREST, SHOULD THE APPEAL *861 OF SUCH A JUDGMENT BE TREATED AS A PREMATURE APPEAL UNDER FLORIDA RULE OF APPELLATE PROCEDURE 9.100(Z), OR MUST THE APPEAL BE TREATED AS ACCOMPLISHING A WAIVER OF PREJUDGMENT INTEREST PURSUANT TO MCGURN V SCOTT, 596 So.2d 1042 (Fla.1992)?
WHETHER A TRIAL COURT SHOULD BE ALLOWED TO RESERVE JURISDICTION TO AWARD PREJUDGMENT INTEREST POST-APPEAL AS IT CAN WITH ATTORNEYS’ FEES AND COSTS?
Certification granted.

. The plaintiff acknowledges that the defendant’s representations on this matter were innocently done.

. Waivers of prejudgment interest on the basis of McGurn have occurred in Avatar Dev. Corp. v. DeAngelis, 944 So.2d 1107 (Fla. 4th DCA 2006); Home Ins. Co. v. Crawford & Co., 890 So.2d 1186 (Fla. 4th DCA 2005); Emerald Coast Commc'ns, Inc. v. Carter, 780 So.2d 968 (Fla. 1st DCA 2001).