PER CURIAM.
The appellants seek review of an order entitled “Final Judgment as to William L. Conti a/k/a Lawrence William Conti a/k/a Larry Conti and Micki Conti in Favor of B & E Holdings, LLC,” which enters what appears to be an executable money judgment against the appellants for amounts due under a promissory note. However, the appeal is premature. Fla. R.App. P. 9.110(l). The order “preserves all other rights and remedies allowable to the Plaintiff under the note, loan documents, [and] Mortgage.... ” The trial court has not resolved the mortgage foreclosure action, which was brought against the appellants and other defendants in a separate count of the complaint. Therefore, the order is not final. Cf. Caufield v. Cantele, 837 So.2d 371, 375 (Fla.2002); see also Couch v. Tropical Breeze Resort Assn., Inc., 867 So.2d 1219 (Fla. 1st DCA 2004); Raymond James & Assocs., Inc. v. Godshall, 851 So.2d 879 (Fla. 1st DCA 2003).
The appellants argue the order is appealable as a partial final judgment under Florida Rule of Appellate Procedure 9.110(k). However, the order does not totally dispose of the entire case as to the appellants. Cf. Batur v. Signature Props, of Nw. Florida, Inc., 903 So.2d 985, 988 (Fla. 1st DCA 2005) (finding appellate jurisdiction to review partial final judgment to the extent it disposed of the entire case as to defendants). As endorsers of the promissory note secured by the mortgage, the appellants are proper parties to the foreclosure action. See, e.g., Hobbs v. Florida First Nat’l Bank of Jacksonville, 480 So.2d 153, 155 n. 1 (Fla. 1st DCA 1985) (noting endorsers of the mortgage note are proper parties to the foreclosure action and mortgagee is not required to bring a separate action to seek a deficiency judgment against them after foreclosure); First Union Nat’l Bank v. Goodwin Beach P’ship, 644 So.2d 1361, 1362 n. 1 (Fla. 5th DCA 1994) (noting a deficiency proceeding is an integral part of the foreclosure action). Further, the order does not dispose of a separate and distinct cause of action because the pending foreclosure action is interrelated with the claim disposed of by the order on appeal. See Jensen v. Whetstine, 985 So.2d 1218, 1220 (Fla. 1st DCA 2008) (analyzing whether order dis *1273 posed of a separate and distinct cause of action). Therefore, the Court lacks appellate jurisdiction to review the instant order at this time. Fla. R.App. P. 9.080(b)(1)(A).
DISMISSED.
WOLF, DAVIS, and HAWKES, JJ., concur.