# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2024-2789
LT Case No. 2024-CA-135

_____

ERIC JOSEY,

    Appellant,

    v.

FLAGLER COUNTY BOARD of
COUNTY COMMISSIONERS,
SCHOOL BOARD of FLAGLER
COUNTY, FLAGLER COUNTY
SHERIFF'S OFFICE and CITY
COMMISSION of the CITY of
BUNNELL,

    Appellees.

_____


On appeal from the Circuit Court for Flagler County.
Christopher Anthony France, Judge.

Eric Josey, Palm Coast, pro se.

Sean S. Moylan, of Flagler County Attorney's Office, Bunnell, for
Appellee, Flagler County Board of County Commissioners.

David Delaney, of Weiss Serota Helfman Cole & Bierman, P.L.,
Gainesville, for Appellee, School Board of Flagler County.

John LeMaster, of Flagler County Sheriff's Office, Bunnell, for
Appellee, Flagler County Sheriff's Office.

Paul R. Waters, of Vose Law Firm, LLP, Winter Park, for Appellee, City Commission of the City of Bunnell.

April 25, 2025

HARRIS, J.

Appellant, Eric Josey, pro se, appeals the trial court's order granting Appellees', Flagler County Board of County Commissioners ("County"), School Board of Flagler County ("School Board"), Flagler County Sheriff, and City Commission of the City of Bunnell ("City"), joint motion to dismiss Appellant's complaint for declaratory and injunctive relief on the basis that Appellant lacked standing and failed to state a cause of action.

Upon review, we note that the appealed order merely granted the motion to dismiss rather than actually dismiss the complaint, and did not indicate whether dismissal was with or without prejudice. *See Touchton v. Woodside Credit, LLC*, 316 So. 3d 392, 394 (Fla. 2d DCA 2021) ("Where an order merely grants a motion to dismiss, it is not a final order."); *GMI, LLC v. Asociacion del Futbol Argentino*, 174 So. 3d 500, 501 (Fla. 3d DCA 2015) (noting order that merely grants motion to dismiss is not final order even if order grants motion with prejudice); *Rollins Fruit Co., Inc. v. Wilson*, 923 So. 2d 516, 520 (Fla. 2d DCA 2005) ("The trial court did not take the additional step of entering a final judgment in favor of the defendants."). The order does not contain unequivocal language of finality or whether the court found there is no possible way to amend the complaint to state a cause of action or establish standing, warranting dismissal with prejudice. *See Hinote v. Ford Motor Co.*, 958 So. 2d 1009, 1010 (Fla. 1st DCA 2007); *Hoffman v. Hall*, 817 So. 2d 1057, 1058 (Fla. 1st DCA 2002) ("The traditional test for finality is whether the decree disposes of the cause on its merits leaving no questions open for judicial determination except for execution and enforcement of the decree if necessary.").

Accordingly, in the absence of a final appealable order, we lack jurisdiction and dismiss the appeal.

APPEAL DISMISSED.

EDWARDS, C.J., and SOUD, J., concur.

————————————————

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

————————————————